[S. F. No. 2361. In Bank.—May 22, 1902.]

## GEORGINA GARNER, Respondent, v. A. R. JUDD, Appellant.

ADOPTION OF ILLEGITIMATE CHILD—RECEPTION INTO FAMILY.—When a man has a home, where he lives with a woman whom he holds out to the world as his wife, he has a family within the meaning of section 230 of the Civil Code, into which he must receive an illegitimate child, in order to adopt and legitimate it under that section.

ID.—PUBLIC ACKNOWLEDGMENT—PAYMENTS OF MONEY.—It is not sufficient, in such case, that the paternity of the child was publicly acknowledged by the father during the minority of the child, nor that sums of money were given to the child, if it was not received into the father's family during its minority.

APPEAL from orders of the Superior Court of Humboldt County granting letters of administration to the respondent and refusing letters to the appellant. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, E. M. Frost, and J. S. Burnell, for Appellant.

Mahan & Mahan, for Respondent.

Anderson & Anderson, Henry E. Carter, Dockweiler & Carter, Garber, Creswell & Garber, J. J. Dwyer, and Thomas F. Barry, *Amici Curiœ*, for an equitable construction of sec-

tion 230 of the Civil Code, under the rule adopted in *In re Jessup*, 81 Cal. 408, 419; *Blythe* v. *Ayres*, 96 Cal. 532, 578, in cases where the father has no family.

G. W. McEnerney, and Timothy J. Lyons, *Amici Curiæ*, *contra*, for strict construction and application of the letter of the statute to this case.

BEATTY, C. J.—This is a contest for letters of adminis- tration between Georgina Garner, a niece of Goodman, the decedent, and Judd, the nominee of Maggie Phillips, Good- man's illegitimate daughter, who claims to have been adopted or legitimated by her father in his lifetime. Her claim of legitimation is based exclusively upon an alleged compliance with the provisions of section 230 of the Civil Code, which reads as follows:—

"The father of an illegitimate child, by publicly acknowl- edging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treat- ing it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth. The foregoing pro- visions of this chapter do not apply to such an adoption."

The only question in the case is whether the conditions thus prescribed were complied with. The materials facts, as found by the superior court, are, that Goodman had a home and a family from 1874 to 1897, and lived with his family in that home from 1876 to 1897, at which time the woman Annie (an Indian), with whom he was living as a wife, died.

Maggie Phillips was born in 1878, and is the daughter of another Indian woman, Mary. She was publicly acknowl- edged by Goodman to be his daughter during her minority, and he seems to have given her small sums of money, but he never took her to his home—never received her into his family —during the lifetime of Annie, nor until after her majority and marriage, when for the first time she and her husband lived with him for a few months.

Upon these facts we think the superior court correctly con- cluded that there was no adoption or legitimation. Upon any construction of section 230 of the Civil Code it is essential to an adoption that the illegitimate child should be received into

the family of the father, if he have one. This proposition is not seriously questioned by counsel for appellant, or by *amici curiæ* whose briefs have been filed in the case; but they contend that when the father has no family there may still be an adoption under section 230, which, they contend, does not impose an impossible condition to the legitimation of children born out of wedlock to fathers who are without homes in which they may be received. This question, however, does not arise in the case. The findings of the superior court are plain that Goodman during the whole period of his daughter's minority had a home, where he was living with a woman *as his wife.* The finding, it is true, does not say in direct terms that she was his wife, but there was evidence unobjected to and uncontradicted that they were married; and aside from this we have no doubt that when a man has a home where he lives with a woman whom he holds out to the world as his wife, he has a family within the meaning of section 230 of the Civil Code, into which he must receive an illegitimate child in order to legitimate it under that section.

The orders appealed from are affirmed.

Garoutte, J., Van Dyke, J., McFarland, J., Harrison, J., Temple, J., and Henshaw, J., concurred.