[Civ. No. 8314.  First Appellate District, Division One.—March 1, 1932.]

SAMUEL WILLEN, Respondent, v. SOPHIA WILLEN, etc., Appellant.

H. Y. Romayne for Appellant.

Willedd Andrews for Respondent.

THE COURT.—An interlocutory decree of divorce was granted to Sophia Willen (sometimes known as Sophie Willen) upon her cross-complaint against respondent Samuel Willen on the ground of extreme cruelty. Appellant was awarded the sum of $40 per month for the support of herself and children of the marriage. Respondent was receiving certain disability benefits amounting to $150 each month from two insurance policies on his life, which the court found were part of the community property of the marriage, and he was required to pay the above sum to his wife from the amounts received under the policies. The decree was entered on December 30, 1929, and no appeal was taken therefrom. On February 20, 1931, the interlocutory decree was amended to provide that payments by the insurers should be made to a receiver appointed by the court, who was directed to pay Mrs. Willen the sum of $40 monthly, and to her husband the balance. The amended decree also declared the amounts allowed as alimony to be a lien on the policies and the amounts payable thereunder to secure the payments decreed. This order was appealed from by Samuel Willen and was subsequently affirmed (*Willen* v. *Willen,* 119 Cal. App. 483 [6 Pac. (2d) 554)].

That a receiver may be appointed and a lien declared to enforce payments ordered for a wife's support was decided in the following cases: *McAneny* v. *Superior Court,* 150 Cal. 6 [87 Pac. 1020]; *Estate of Smith,* 200 Cal. 654 [254 Pac. 567].

Respondent failed to make the payments as directed and was in arrears in the sum of $470. On April 23, 1931, appellant filed her affidavit alleging the nonpayment of the above sum, and that since the date of the amendment to the decree the further sum of $80 had accrued, upon which $26.50 had been paid, leaving a total unpaid of $523.50. Execution was issued, and the sheriff of the city and county of San Francisco levied upon the unpaid proceeds of the policies, whereupon respondent filed his affidavit and claim of exemption, alleging these funds to be exempt from execution under the provisions of section 690 of the Code of Civil Procedure. The amounts due and unpaid upon the insurance policies do not appear. Thereupon a notice of motion for an order declaring the sums levied upon to be

subject to the execution was filed. The motion was opposed by respondent, and on July 31, 1931, the court entered the following minute order: "Motion to declare moneys subject to execution, etc., is denied."

Section 690 of the Code of Civil Procedure provides that "the following property is exempt from execution or attachment except as herein otherwise especially provided", and subdivision 18 of the section exempts "all moneys, benefits, privileges or immunities accruing or in any manner growing out of any life insurance if the annual premiums paid do not exceed $500, etc." The section contains the further provision that "no article, however, or species of property mentioned in this section is exempt from execution issued upon a judgment recovered for its price or upon a judgment of foreclosure of a mortgage or other lien thereon".

A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act (Civ. Code, sec. 2872); and it was within the power of the court under section 140 of the Civil Code to create by its order a lien upon the property in the hands of the insurance companies (*Estate of Smith, supra*).

A judgment is the final determination of the rights of the parties in an action or proceeding (Code Civ. Proc., sec. 577), and a foreclosure, in addition to being a proceeding by which property covered by a mortgage may be subjected to sale for the payment of the debt (*Goldtree* v. *McAlister*, 86 Cal. 93 [23 Pac. 207, 24 Pac. 801]), has been held to be a term applicable to any of the various methods of enforcing payment of a debt out of property subject to a lien. Under the provision last quoted property subject to a valid lien, so far as may be necessary to protect the lienholder, is excepted from the operation of section 690 of the Code of Civil Procedure; and when a lien to secure the performance of a judgment is thereby created execution thereon—which is a proceeding on the judgment (*Anderson* v. *Anderson*, 123 Cal. 445 [56 Pac. 61])—is one method of enforcing its payment out of the property subject to the lien; and in view of the foregoing can fairly be held to be equivalent to foreclosure within the meaning of the above exception.

In addition to the foregoing in a note to *Winter* v. *Winter,* 95 Neb. 335 [50 L. R. A. (N. S.) 697, 145 N. W. 709], it is said: "There seems to be a tendency on the part of courts to hold that claims for alimony are not subject to exemption statutes, at least other than homestead statutes, unless they are so explicit as to prevent such construction"; and it has been held in at least two jurisdictions that a decree for alimony stands upon a different basis than an ordinary debt, and that property otherwise exempt—such exemptions being for the benefit not only of the debtor but of his family—is subject to execution therefor. (*Bates* v. *Bates,* 74 Ga. 105; *Monck* v. *Monck,* 184 App. Div. 656 [172 N. Y. Supp. 401].) However this may be as a general rule, we think the proceeds of the policies in the case at bar are subject to the lien created by the decree mentioned and payable to the receiver appointed thereunder, and that execution was a proper method of enforcing such payment.

The order is accordingly reversed, with directions to the trial court to enter its order declaring the amounts payable under said policies at the time said execution was levied to be subject thereto; that the same be paid by the sheriff to said receiver, and by him disbursed in accordance with said amended interlocutory decree.