[Civ. No. 13582. Second Dist., Div. Two. May 25, 1942.]

LEOLA RANKINS, Appellant, v. OSCAR RANKINS, Respondent.

William H. Haupt for Appellant.

Randolph Karr and John R. Allport for Respondent.

STEPHENS (Jess E.), J. pro tem.—This is an appeal from an order made after judgment. The facts, as they appear from the clerk's transcript and particularly from the affidavits therein, may be briefly stated as follows:

Plaintiff, Leola Rankins, brought an action seeking custody and support of the minor child of herself and defendant Oscar Rankins, and was awarded judgment ordering said defendant to pay the sum of $20 per month for the support of the minor. Defendant became delinquent in his payments and execution issued for $978. Rankins is (or was at that time) a professional prizefighter, and the sheriff levied upon his share of the receipts of a fight amounting to $709.72. Defendant filed affidavits claiming exemption under section 690.11 of the Code of Civil Procedure and setting forth facts to support his claim that the money represented earnings for his personal services rendered within the preceding thirty days, ''and necessary for the use of affiant and his family residing in this state and consisting of his wife, Ethel Rankins, and affiant, Oscar Rankins, and wholly supported by affiant.'' Defendant's affidavit also asserts that out of his receipts for each fight he has incidental costs to pay for trainers, sparring partners and seconds amounting to $234, and that he was about to engage in another fight in connection with which he would have to expend $209 before he receives any further income. Plaintiff asserts in her reply affidavit that defendant's alleged divorce from her is void because he did not have the necessary legal residence in Illinois, where it was obtained, and that therefore Ethel Rankins is not his legal wife and not a member of his family entitled to his support. She also presents affidavits indicating that the statement of defendant Rankins, sworn to on November 5, 1941, to the effect that he needs $209 to prepare for a coming fight, is false, because on November 3rd he voluntarily tendered to the athletic

commission of this state his notice of retirement from prize-fighting and had his boxing license canceled.

Upon the hearing in the matter of the exemption claim the court made the following minute order: "It is ordered that all money now held by the sheriff under execution in excess of $250 be released to the defendant, and that said $250 be paid to the plaintiff."

The first question to be determined is whether or not the exemption provided for in Code of Civil Procedure section 690.11 is available to defendant as against execution issued upon a judgment for the support of his minor child. In the case of *Bruton* v. *Tearle,* 7 Cal. (2d) 48, 57 [59 P. (2d) 953, 106 A. L. R. 580], the Supreme Court said: "We have shown that the judgment against defendant is a judgment for alimony. One of the characteristics of such a judgment is that as against said judgment the judgment debtor's earnings are not exempt from execution" (citing cases). In *Gaskins* v. *Security-First National Bank,* 30 Cal. App. (2d) 409, 417 [86 P. (2d) 681], the District Court of Appeal, in construing the exemption provision of the World War Veterans' Act of 1924, said: "The obligation of a father to support his minor children is not a *debt* contemplated by this act of Congress, but is an obligation growing out of the parental status and public policy, the performance of which can ordinarily be compelled by imprisonment as well as judgment and writ of execution; and we cannot assume that the federal government ever intended to throw around these federal funds legal strictures that would permit or enable the beneficiaries thereof to refuse to discharge their duty to support their children."

The recent case of *In re Smallbone,* 16 Cal. (2d) 532 [106 P. (2d) 873, 131 A. L. R. 222], has been cited as holding to the contrary. It is true that a rather sweeping statement is made therein to the effect that it is not the province of the courts to read an exception into the exemption laws. That this was not necessary to the decision is shown by the sentence immediately following it, where the court says: "But, this need not prove determinative of this proceeding." That case came before the Supreme Court by habeas corpus proceeding. Petitioner was a retired municipal employee, and he resisted the efforts of his former wife to compel him to pay support money as ordered by the court. He refused to collect his pension checks and allowed them to accumulate, subject to his order. He was adjudged guilty of contempt and sought

release by writ, contending that pension money was exempt. The Supreme Court held that "when exempt property is converted into cash in the hands of the alimony debtor, or such money is being held for him by a third person, subject to relinquishment upon his demand or stipulation, he is no longer in a position to assert that he is not financially able to respond to the order or decree of the court directing him to pay alimony, attorney's fees or costs in an action for divorce." He was therefore remanded to custody. In view of this situation, and particularly in view of the fact that both *Bruton* v. *Tearle, supra,* and *Yager* v. *Yager,* 7 Cal. (2d) 213 [60 P. (2d) 422, 106 A. L. R. 664], are cited approvingly in the decision itself, it cannot be assumed that the Supreme Court intended to reverse the policy specifically enunciated in those cases.

It seems clear, therefore, that under the established decisions of this state defendant is not entitled to the exemption of this statute as against execution in the present proceeding. However, it must be remembered that this policy is established by judicial interpretation and not by specific statutory provision. In the case of *Yager* v. *Yager, supra,* we find this expression by the Supreme Court, referring to Code of Civil Procedure section 690.11: "Within the meaning of this provision it may be said that the divorced wife and minor child of the first marriage, for whose support the husband has been ordered to pay a fixed sum, are in a sense members of his family entitled to participate with his second family in his earnings, and that the husband should not be permitted to urge the execution exemption against them. Our decision in *Bruton* v. *Tearle, supra,* expressly recognizes that in providing for the collection of the husband's future earnings by a receiver and their application to the delinquent alimony, the court would have power to direct the receiver to pay to the husband an amount necessary for his personal support. In such supplementary proceedings in the divorce action the court should have power to make an equitable division of the husband's earnings between his first wife and the children of that marriage, if any, on the one hand, and himself and his second wife and family on the other." This would seem to be a necessary limitation upon the policy established by the hereinabove quoted decisions, when the policy of the state as indicated by the exemption statute is considered in conjunction with the equally established policy of requiring support of minors. Obviously the husband cannot be deprived

of the means of livelihood, even for the most solemn obligation to others. He cannot earn without eating. Equally, the second family, which is authorized by our laws, is entitled to support. The proper solution of this problem is that given by the Supreme Court in *Yager* v. *Yager, supra*. Unless there has been an abuse of discretion by the trial court in making such equitable division such action may not be disturbed on appeal.

In the instant case the amount of money in the custody of the court was $709.72. Assuming that the court disallowed the claim of $209 on the basis of plaintiff's affidavits, and allowed the claimed expense of $234 on the basis of defendant's affidavits, the net amount remaining was $475.72. Of this the court allotted $250 to plaintiff upon her judgment, leaving $225.72 for defendant for the support of himself "and family." In the absence of findings or other record than the brief order itself we have no way of knowing the basis of the court's determination, nor whether or not Ethel Rankins, the alleged second wife, was considered to be a member of defendant's family. In this connection it may be noted that in the case of *Garner* v. *Judd*, 136 Cal. 394, 396 [68 Pac. 1026], the Supreme Court in considering another statute said: "we have no doubt that when a man has a home where he lives with a woman whom he holds out to the world as his wife, he has a family within the meaning of section 230 of the Civil Code." (See, also, *Estate of Gird*, 157 Cal. 534, 544 [108 Pac. 499, 137 Am. St. Rep. 131].) In any event, we cannot say from the record before us that there was an abuse of discretion by the court.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied June 15, 1942, and appellant's petition for a hearing by the Supreme Court was denied July 23, 1942.