Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 8717.   July 12, 1955.]

ESTHER LENTFOEHR, Respondent, v. CLAUDE W. LENTFOEHR, Appellant.

Edgar J. Melchione for Appellant.

Wendell W. Schooling for Respondent.

SHAW, P. J.—A judgment having been entered against defendant in this action, an execution was issued and levied on his wages. He presented a claim for exemption of all these wages, under Code of Civil Procedure, section 690.11. The plaintiff conceded the exemption of half thereof, and on hearing of defendant's claim it was denied as to the remaining half. He appeals from the order of denial.

Section 690.26, Code of Civil Procedure, provides for the procedure on such a claim. The judgment debtor must file an affidavit setting forth the nature of his claim and the facts necessary to support it. (Subd. (1).) The creditor may then file a counteraffidavit contesting the claim. (Sub. (4).) There may then be a hearing before the court. (Subd. (6).) At this hearing the affidavits above mentioned "shall constitute the pleadings" and "shall be received in evidence." (Subd. (10).) If no other evidence is received, the court may decide the case thereon "if satisfied that sufficient facts are shown thereby"; otherwise it may order the hearing continued for other evidence. (Subd. (10).)

In support of their various arguments here, the parties refer to documents sent up in the clerk's transcript which appear to be marked as exhibits (though not on the date of the hearing), to other documents filed in the trial court but not marked as exhibits, and to some other documents not in the record at all, but on file in a superior court action. Whether any of these documents was presented at the hearing does not appear.

There is in the record neither a reporter's transcript nor an agreed or settled statement to disclose what occurred at the hearing of the motion, the appeal being here solely on the clerk's transcript. In such a case the appellant. cannot obtain a review of exhibits and other matters on file in the trial court, the proceedings, if any, for the presentation of such matters to the trial court being a part of the oral proceedings, which can be brought up on appeal only by one of the forms of record above noted as being absent here. (*Estate of Larson* (1949), 92 Cal.App.2d 267, 269 [206 P.2d 852]; *Hunt* v. *Plavsa* (1951), 103 Cal.App.2d 222, 224 [229 P.2d 482].)

The case must therefore be decided on the two affidavits.

Since they are to be regarded as pleadings, and the judgment debtor has the burden of proof (Code Civ. Proc., § 690.26, subd. (10)), his affidavit may be regarded as the complaint. The rule of section 462, Code of Civil Procedure, may properly be applied here, and the allegations of the debtor, not controverted by the creditor, must be taken as true, and the debtor is not required to prove them.

The affidavit of the debtor here states that all his earnings levied on are needed for the support of himself and his family and that they were earned within a period of time which makes them exempt if so needed. These allegations are not denied in the creditor's counteraffidavit, so they must be accepted as true.

The particular part of section 690.11, Code of Civil Procedure, here in question exempts all of the debtor's earnings for the prescribed time "unless the debts are: (a) Incurred . . . for the common necessaries of life; or (b) incurred for personal services rendered by any employee, or former employee, of such debtor." The debtor's affidavit negatived both of these limitations. The creditor's affidavit said nothing of limitation (b), and the debtor's affidavit in regard to it must be accepted.

The debtor added to his denial of limitation (a) a statement that the debt was "for monies owed under a property settlement agreement." The creditor's affidavit said the claim was "for necessities of life, to wit, attorney's fees and court costs in a divorce action between the defendant and the plaintiff herein, his former wife." Since the creditor's affidavit coupled such denial as it attempted of the debtor's allegations regarding limitation (b) with a statement of the subject matter of the claim, we must, in the absence of any further record, assume the truth of this statement.

This leaves for determination only the question whether a wife's attorney's fees and costs in a divorce case are "common necessaries of life." The creditor did not, indeed, state that they were such, but only that they were "necessities of life," omitting the word "common." However, since the affidavit for the creditor clearly stated the nature of the claim, it will not be ruled out by this omission, but we will decide the case on the question just stated. That question we think is answered by the rules declared by this court in *Los Angeles Finance Co.* v. *Flores* (1952), 110 Cal.App.2d Supp. 850 [243 P.2d 139]. There we were required to construe the same provision of Code of Civil Procedure, section 609.11, subjecting half of the creditor's wages to levy for debts incurred for "the common necessaries of life." After reviewing various decisions holding articles exempt from levy because necessary, we said at page 854:

"These decisions are in accordance with the general policy of the courts of this state to give a liberal construction to exemption statutes in favor of the debtor. . . .

"It follows logically that this same policy requires a *strict* construction of any provisions which tend to limit the exemptions elsewhere in the statute extended to the debtor. In 25 Corpus Juris 10 (par. 8), the rule is thus stated: 'Conversely to the rule of liberal construction of the grant of an exemption, provisions which limit or take away the exemption are strictly construed, whether in provisos and exceptions or in amending statutes.' . . ."

". . . 'common necessaries of life' as used in Code of Civil Procedure, section 690.11, second paragraph, means those things which are commonly required by persons for the sustenance of life regardless of their employment or status. . . . on the other hand, the decision of whether or not a certain article previously sold to a debtor is a common necessary of life so that *one-half of the debtor's earnings* of the past 30

days, elsewhere exempted by the statute for the support of his family, shall nevertheless be taken to pay for *it*, involves a determination of whether or not it is such an article that *in the hands of anyone* it is to be regarded universally, or substantially so, as necessary to sustain life. Obviously, the Legislature, cognizant of the fact that to the great majority of persons supporting a family the earnings of the past 30 days are required for such basic things as food, heat, shelter, etc (*common* to all) desired to make sure that these earnings shall not be taken to pay for something less basic.'' Accordingly, we reversed a decision of the trial court subjecting half the debtor's earnings to a levy.

Under the construction here given to the section the plaintiff's claim does not justify the levy. Possibly, each wife in such a case may regard her expense money in a divorce suit as necessary to her; but divorces are not yet so common that the cost of them ''is to be regarded universally, or substantially so, as necessary to sustain life.''

The order appealed from is reversed, and the trial court is directed to allow defendant's claim of exemption in full.

Patrosso, J., concurred.

SWAIN, J.—I dissent. In *Burton* v. *Tearle* (1936), 7 Cal. 2d 48, 57 [59 P.2d 953, 106 A.L.R. 580], the Supreme Court held that a mere money judgment rendered in California, based on a New York decree awarding alimony to plaintiff in a divorce suit, was in legal effect a judgment for alimony (7 Cal.2d 55-56), and then went on to hold: ''One of the characteristics of such a judgment is that as against said judgment the judgment debtor's earnings are not exempt from execution. (Citations.) Not only are the earnings of the judgment debtor under an alimony judgment liable for the payment thereof, but the means of enforcement of such a judgment are different and more effective than those applicable to the enforcement of an ordinary money judgment.'' The court referred to the power to punish for contempt as one of the differences between the two sorts of judgments. On pages 58 and 59 of 7 Cal.2d is further discussion of the reasons for the rule announced. The court said the trial there (not the court that originally ordered the alimony) could exercise its discretion and could allow the defendant some part of his wages as exempt, if deemed necessary.

It is true, that case dealt with a judgment for alimony,

and we have here a judgment for attorney's fees and costs, and defendant argues that this is not alimony. But it appears to me that the reasons which led to the decision are equally applicable to both sorts of judgments. Money awarded a wife to pay her attorney fee in a divorce case is as much for her support as money for a doctor's fee or a grocery bill. This was not a division of community property. Both may be enforced by contempt proceedings, and both are originally matters in the discretion of some court. See also *Rankins* v. *Rankins* (1942), 52 Cal.App.2d 231 [126 P.2d 125].

On the reasoning of the decision cited the order should be affirmed.