Bernard S. Meyer, J.
The United States Lines Company moves to vacate an order of sequestration made at the commencement of this separation action. Its contention is that a sequestration order is not an ‘1 order by any court regarding the payment by any seaman of any part of his wages for the support and maintenance of his wife and minor children” within the meaning of section 601 of title 46 of the United States Code, that that section therefore prevents “ attachment or arrestment from any court ” of defendant’s wages, and that since movant is under section 596 of title 46 of the United States Code liable to penalty for failure to pay a seaman’s wages when due, the order should be vacated. Defendant’s attorney has filed an affidavit joining in the motion for vacation on the further ground that defendant’s whereabouts are known since “ he is at sea for months at a time ” and did not leave the State to avoid service of process.
Movant’s contention is apparently based on the Assumption that the purpose of section 1171-a of the Civil Practice Act is to obtain jurisdiction over defendant. Such is not the case. “The *615 jurisdiction of the court over the marital status of the parties [does] not depend upon the sequestration or seizure of the defendant’s property.” (Geary v. Geary, 272 N. Y. 390, 402; italics in the original.) Even a voluntary appearance does not prevent appointment of a receiver in sequestration. (McAllister v. McAllister, 171 Misc. 72, mod. and affd. 257 App. Div. 196.) The purpose of the section is to provide a means for the enforcement of an alimony order. (Matter of Berkowits, 170 Misc. 334.) The only provision in the section for payment out of the fund is for “ payment of such sum or sums as the court may deem it proper to award, by order or judgment as the case may be, and during the pendency of the action or at the termination thereof, for the education or maintenance of any of the children of a marriage, or for the support of the wife, or for her expenses in bringing and carrying on said action and the proceedings incidental thereto or connected therewith ”. Any such payment would fall within the language of section 601 of title 46 of the United States Code quoted above. (Cunningham v. McCullough, 22 N. Y. S. 2d 739; Mickenheim v. Cathcart, 228 La. 890; Avilla v. Avilla, 81 Cal. App. 2d 210; see, also, Zwingmann v. Zwingmann, 150 App. Div. 358.) Nor need movant fear that it may ultimately be held to respond for penalty under section 596 of title 46 of the United States Code if this court’s determination is ultimately held to be erroneous, for an order placing defendant’s wages in custodia legis for use in payment of support and maintenance of the wife will be recognized as “ sufficient cause ” under that section. (Collie v. Ferguson, 281 U. S. 52; Feldman v. American Palestine Line, 25 F. 2d 1002.)
Defendant’s contention furnishes no better basis for vacation of the order. It is immaterial that defendant did not leave to avoid process. All that the statute requires is that “ the defendant is not within the state, or cannot be found therein, or is concealing himself therein, so that process cannot be personally served upon him.” When defendant is “at sea for months at a time ” he is “ not within the state * * * so that process cannot be personally served upon him”. “The admitted absence of the defendant from this state is sufficient basis for the granting of plaintiff’s request for sequestration and the appointment of a receiver.” (Barzilay v. Barzilay, 75 N. Y. S. 2d 428, 429.)
The motion is denied. Short-form order signed.