41731.   MOORE-McCORMACK LINES, INC. v. HILL et al.

SUBMITTED JANUARY 4, 1966—DECIDED JANUARY 19, 1966.

*Adams, Adams & Brennan, Edward T. Brennan,* for appellant.
*Andrew Benton,* for appellees.

PANNELL, Judge.   One question in this case is whether the exemptions contained in U. S. C. A., Title 46, § 601, may apply to a wife alone rather than jointly to a wife and minor children. That section with its proviso reads as follows:

"No wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court, and every payment of wages to a seaman or apprentice shall be valid in law, notwithstanding any previous sale or assignment of wages or of any attachment, encumbrance, or arrestment thereon; and no assignment or sale of wages or of salvage made prior to the accruing thereof shall bind the party making the same, except such allotments as are authorized by this title.   This section shall apply to fishermen employed on fishing vessels as well as to seamen: *Provided,* That nothing contained in this or any preceding section shall interfere with the order by any court regarding the payment by any seaman of any part of his wages for the support and maintenance of his wife and minor children.   Mar. 4, 1915, c. 153, § 12, 38 Stat. 1169."   There is an additional proviso to this section which is not here material.

Another question is whether the payment to the defendant in fi. fa., the seaman, upon the oral advice of the Shipping Commissioner to the garnishee (without any submission in writing

or arbitration, U. S. C. A., Title 46, § 651) relieved the garnishee because noncompliance would have subjected the garnishee to certain penalties provided in the event of nonpayment of wages to the seaman. 46 U. S. C. A., § 596.

Both these questions have been answered contrary to the contentions of the garnishee in Rennebaum v. Rennebaum (1959) 194 NYS2d 653 (22 Misc.2d 614), citing Cunningham v. McCullough, 22 NYS2d 739, n. o. r.; Mickenheim v. Cathcart, 228 La. 890 (84 S2d 449, 54 ALR2d 1418); Avilla v. Avilla, 81 Cal.App.2d 210 (183 P2d 668); see also, Zwingmann v. Zwingmann, 150 App. Div. 358 (134 NYS 1077); Collie v. Ferguson, 281 U.S. 52 (50 SC 189, 74 LE 696); Feldman v. American Palestine Line, (S.D.N.Y.), 25 F2d 1002.

We concur in the ruling in that case. It is obvious that the proviso is for the protection of both the wife and the minor children, the wife alone, the children alone, or the wife and children together. If, as appellant contends, the benefits of the proviso are joint to the wife and children, and that only, the children of a seaman could not secure support out of his wages unless support was granted to a wife also. This, obviously, is not the intent of the statute, as shown by the cases cited in Rennebaum v. Rennebaum, supra.

The trial court did not err in so deciding.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*