### ZWINGMANN v. ZWINGMANN.

(Supreme Court, Appellate Division, Second Department.   April 19, 1912.)

EXEMPTIONS (§ 76*)—PERSONS ENTITLED—MARRIAGE RELATION.

> Greater New York Charter (Laws 1901, c. 466) § 352, provides that moneys of the police pension fund shall be exempt as to any creditor or person asserting any claim against any pensioner of said fund. Defendant, a police pensioner, upon judgment of separation obtained by his wife, was ordered to make payments for her maintenance, and after he removed to another state an order was made sequestering his property in the fund for the payment of such maintenance.  *Held*, that the purpose of the statute was to preserve the fund for the use of the pensioner and those legally dependent upon him for support, and that, as the relation of husband and wife had not been severed by the judgment, the fund was not exempt from application to payment of the wife's maintenance.

> [Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 100, 101; Dec. Dig. § 76.*]

Appeal from Special Term, Kings County.

Suit by Meta W. Zwingmann against William Zwingmann.  From an order of Special Term, entered after a judgment of separation, denying a motion of the corporation counsel to vacate an order sequestering property of the defendant for application to the payment of maintenance, defendant appeals.  Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Theodore Witte, of Brooklyn, for appellant.
Charles S. Aronstam, of Brooklyn, for respondent.

WOODWARD, J.   On the 28th day of June, 1911, a judgment of separation was entered in the above-entitled action.  The judgment provided that the defendant pay to the plaintiff the sum of $312 per annum, in monthly payments of $26 each, for the maintenance of the said plaintiff.  The defendant has removed to the state of New Jersey, and on an affidavit of Meta W. Zwingmann, verified the 26th day of September, 1911, and an affidavit showing service of a copy of the judgment of separation on the defendant, an ex parte order was granted by one of the justices of this court on the 30th day of September, 1911, ordering that the property of the defendant be sequestered for the payment of the sum awarded by the court as alimony, and that the police commissioner of the city of New York and the pension bureau thereof pay to plaintiff on the 1st of each month out of the pension money due defendant at such period the sum of $26 as provided in said judgment, and that the commissioner of police and pension bureau thereof be stayed from paying to defendant said pension money until provision has been made for the payment of said alimony.

The corporation counsel, upon an affidavit, moved the court for an order setting aside the order of September 30, 1911, sequestering defendant's property, and subsequently an order to show cause why the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said pension money should not be paid over to the plaintiff as directed was issued to the custodians of the fund, and upon a hearing of the motion, upon such order, the order to vacate the sequestration order was denied. At this stage of the proceeding the defendant was permitted to come in and appeal, and the question presented here involves the right of the court to take a portion of the defendant's pension of $68 per month as a retired member of the police force of the city of New York for the support and maintenance of his wife, who has been legally separated from him, and who resides in this state.

The principal contention of the defendant is that the order of the court is made in disregard of the provisions of section 352 of the charter of the city of New York (Laws 1901, c. 466), which provides that the—

"moneys, securities and effects of the police pension fund, and all pensions granted and payable from said fund shall be and are exempt from execution and from all process and proceedings to enjoin and recover the same by or on behalf of any creditor or person having or asserting any claims against, or debt or liability of, any pensioner of said fund."

That is, it is contended in behalf of the defendant, who has removed from the state for the purpose of defeating a judgment rendered against him, that his property in this pension fund is exempt from the duty he owes to the state to support and maintain his wife; that notwithstanding the legal oneness of the man and wife, which in this respect has not been changed by statute from the common-law rule, the defendant is entitled to be supported and sustained out of a trust fund created under the laws of this state, while his wife goes hungry. We do not believe the Legislature, in creating the police pension fund and exempting it from execution and other processes, ever intended that this exemption should be construed to deprive the wife of her legal and moral right to the support of her husband. The whole purpose of the statute is served when the fund is preserved for the use of the pensioner and those legally dependent upon him for support and maintenance—when it is held intact for the care of the woman who is, in law, but a part of himself, and entitled, with him, to share in the pension. This is in strict analogy with the doctrine of Wetmore v. Wetmore, 149 N. Y. 520, 528, 529, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752; and this court should not be astute in discovering a way to relieve the defendant of his obligations, voluntarily assumed, because of any strict construction of the language of an act which was designed to give protection to the faithful servants of the public and those dependent upon them.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.