MARGARET MONCK, Respondent, *v.* GEORGE MONCK, Appellant.

First Department, November 8, 1918.

**Husband and wife — sequestration of property for payment of alimony — exemption of pension of retired policeman under section 352 of Greater New York charter — enforcement of collection of costs and disbursements.**

The pension of a retired policeman is not exempt under section 352 of the Greater New York charter from sequestration for payment of alimony.

But costs and disbursements of the action are not for support and maintenance but are a debt to be collected by execution, and hence the provision of the charter prevents their collection by sequestration.

APPEAL by the defendant, George Monck, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of June, 1918, denying his motion to vacate an *ex parte* order of sequestration.

*Nathan B. L. Cosel,* for the appellant.

*Grauer & Rathkopf,* for the respondent.

PAGE, J.:

On January 30, 1918, the respondent was granted a decree of separation from the appellant and was awarded alimony in the sum of ten dollars a week from January 10, 1918. The decree also awarded costs to the respondent in the sum of one hundred and twenty-seven dollars and ninety-two cents and that she have execution therefor. A copy of the decree and a due demand for payment of the alimony and costs was made upon the appellant. He has departed from the State and has not made any payment. An order for the sequestration of the appellant's property was ordered. The appellant being a retired policeman was receiving a pension of fifty-eight dollars and thirty-three cents a month. The order directed that the commissioner of police of the city of New York and the pension bureau thereof pay the respondent on the first day of each and every month or as soon thereafter as

may be practicable, out of the pension money belonging to the appellant, the sum of forty dollars per month in such months wherein there are four weeks and fifty dollars per month in such months wherein there are five weeks, and further ordered that the balance remaining each month after making such payments should be paid to respondent each month until the full sum of one hundred and twenty-seven dollars and ninety-two cents costs and disbursements shall be fully paid, and further staying the said officials from paying any sum to the appellant until provision has been made by the defendant herein for the payment of said alimony, costs and disbursements.

A motion to vacate this order has been denied.

The appellant claims that his pension is exempt from appropriation to pay the respondent's claim by reason of section 352 of the Greater New York charter, which, so far as applicable, provides: " The moneys, securities and effects of the police pension fund, and all pensions granted and payable from said fund shall be and are exempt from execution and from all process and proceedings to enjoin and recover the same by or on behalf of any creditor or person having or asserting any claims against, or debt or liability of, any pensioner of said fund."

The identical question presented on this appeal and on almost identical facts has been determined by the Appellate Division of the Second Department, and it was held that the exemption did not apply to alimony for the maintenance of the pensioner's wife, saying: " We do not believe the Legislature, in creating the police pension fund and exempting it from execution and other processes, ever intended that this exemption should be construed to deprive the wife of her legal and moral right to the support of her husband. The whole purpose of the statute is served when the fund is preserved for the use of the pensioner and those legally dependent upon him for support and maintenance; when it is held intact for the care of the woman who is, in law, but a part of himself and entitled, with him, to share in the pension." (*Zwingmann* v. *Zwingmann*, 150 App. Div. 358.)

This decision seems to be in harmony with the decisions of

many other States in construing statutory exemptions from levy under executions as not applying to proceedings to enforce alimony for the wife's support. (See 50 L. R. A. [N. S.] 697, note.)

In my opinion costs and disbursements of the action cannot be so collected.

The decree provides that the plaintiff have execution therefor and the payment of these costs is not a provision for support and maintenance but a debt to be collected by execution and hence the provision of the charter applies.

The order should be modified by striking therefrom the direction as to the payment of $127.92 costs and disbursements, and any payments which have been made and appropriated to such payment should be credited as a payment on account of alimony, and as modified affirmed.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order modified as directed in opinion and as modified affirmed, without costs. Order to be settled on notice.