LOUISE WEIGOLD, Respondent *v.* GEORGE WEIGOLD, Appellant.

First Department, July 1, 1932.

*Patrick J. McMahon,* for the appellant.

*Albert A. Beregh,* for the respondent.

First Department, July 1, 1932.

*Patrick J. McMahon,* for the appellant.

*Albert A. Beregh,* for the respondent.

PER CURIAM. The sole question here for review is whether the pension of a police officer may be taken from the pensioner and paid over to his wife to pay accrued alimony. There are several adjudications to the effect that, under certain circumstances, the pension of a police officer or any other person may be taken to pay alimony.

In *Zwingmann* v. *Zwingmann* (150 App. Div. 358, at p. 360) the court said: " The whole purpose of the statute is served when the fund is preserved for the use of the pensioner and those legally dependent upon him for support and maintenance; when it is held intact for the care of the woman who is, in law, but a part of himself and entitled, with him, to share in the pension."

That case was followed by this court in *Monck* v. *Monck* (184 App. Div. 656), where it was held that the pension of a retired policeman is not exempt under section 352 of the Greater New York Charter from sequestration for payment of alimony.

A pension is given to one who has served the city of New York in the capacity of a police officer, when he becomes incapacitated through illness, injury or old age. The purpose of the pension is to feed, clothe and support the officer under such circumstances. Where it is shown that he has no other means of support, and that the pension money is needed in order to prevent him from becoming a public charge, or to feed, clothe and support him, it would be very unjust to take the entire pension money and pay it to his wife for alimony.

The pension money is for the support of a man and his family, and where he is separated from his wife, and she has been awarded alimony, it may, to a certain extent, be applied in payment of that alimony where it is shown that the necessities of the wife require the application of a part of the pension money for her support and maintenance. When the decisions say that the pension fund is for the support of the family or the wife as well as the husband, they do not mean that the whole of the pension fund is for the wife to the exclusion of the husband.

While it is true that cases have held that the law will not starve the wife and feed the husband, it is also true that the law will not starve the husband and feed the wife. Each case must be decided on the circumstances disclosed. A number of elements may enter into the decision. It may be that the husband is supporting children of the marriage as well as the wife from whom he has been separated or divorced. It may be that the wife has independent means of support. All of these circumstances must be considered in arriving at a just and equitable decision in the matter.

Under the circumstances disclosed in this case, the pension fund should be divided equally, one-half thereof to be applied to the payment of alimony which is due or which is to become due, and

the balance of the pension fund should be given to the pensioner for his support and maintenance. (See *Wetmore* v. *Wetmore*, 149 N. Y. 520.)

The receiver should, therefore, collect not more than half of the pension fund as it becomes payable, for payment to the wife as alimony, and he should pay over to each of the parties one-half of the amount in his hands after deducting his commissions and expenses.

The order should be modified accordingly and as so modified affirmed, without costs.

Present — FINCH, P. J., MERRELL, McAVOY, MARTIN and TOWNLEY, JJ.

Order modified as indicated in opinion and as so modified affirmed, without costs. Settle order on notice.