CATHERINE C. BEDELL, Respondent, v. JESSE M. BEDELL, Appellant.— Order appointing plaintiff receiver in sequestration in a separation action modified by eliminating $150 from the amount directed to be collected and paid over, and as thus modified affirmed, without costs. The $150 item relates to counsel fees the payment of which may not be enforced out of the pension fund payments. (*Monck* v. *Monck*, 184 App. Div. 656.) Its payment, in the discretion of the trial court, may be enforced by contempt proceedings or when the trial is had as a condition to the defendant's proceeding with his defense. Hagarty, Carswell, Davis and Johnston, JJ., concur; Lazansky, P. J., concurs in result. [See *post*, p. 818.]

LEE E. BERNSTEIN and SARAH WOLF, Copartners Doing Business under the Firm Name and Style of ROSALEE SHOP, Respondents, v. ROSE SPATZ, Appellant. — Order restraining defendant *pendente lite* from continuing in the employment of a concern named Murray's Inc. and from engaging, directly or indirectly, in the business of selling millinery and ladies' apparel in Far Rockaway, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

DOROTHY BERWICK, an Infant, by JOHN BERWICK, Her Guardian ad Litem, and JOHN BERWICK, Appellants, v. BOARD OF EDUCATION OF THE CITY OF WHITE PLAINS, Respondent.— The infant plaintiff, six years of age, was injured when she stumbled and fell into an areaway eighteen inches deep by the school building. She was challenged to jump by a playmate, and in attempting to make the jump fell. The accident occurred during a vacation period while children were playing under supervision on a playground some little distance away. The plaintiff, with her sister, started to go home at about noon, when they went to the toilet in the basement and the accident occurred. The areaway was adjacent to windows of a classroom and was constructed for the purpose of furnishing light and air. The plans had been approved by the board of education of the city and by the State Commissioner, as the law prescribed. There was similar construction in the city, and there had never been an accident. There was no proof that these plans were defective or that there was any inherent danger in such construction. Order setting aside verdicts for plaintiffs in an action for negligence and dismissing the complaint on a reserved motion, and the judgment for defendant entered thereon, affirmed, with costs. Hagarty, Davis and Adel, JJ., concur; Lazansky, P. J., and Taylor, J., dissent and vote for reversal of the order and judgment and reinstatement of the verdicts, with the following memorandum: The child was hurt because she tripped on the part of the concrete next the dirt. If the pavement had been continued or the dirt raised up to the concrete about the areaway, the accident would not have happened. The jury was justified in finding a defect in construction and maintenance, for which the defendant is liable.