In the Matter of MARY GATES, Petitioner, against LOUIS GATES, Respondent.

Children's Court, Westchester County, November 10, 1952.

*Morton Abrahams* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Edward L. Ryan* of counsel), for New York State Employees' Retirement System.

SMYTH, J. This is an application for a writ of seizure, pursuant to section 33-e of the Children's Court Act of the State of New York. Petitioner, Mary Gates, commenced a proceeding in this court, pursuant to article III-A of the Children's Court Act, to secure an order requiring the respondent husband to support her and the minor children and determining the amount to be paid for such support and maintenance. An order was duly made and entered herein on October 18, 1948, adjudging the respondent liable and directing him to pay the sum of $100 per month. The present application represents that the respondent is in arrears in the sum of $3,848 and that he has left the juris-

diction of the court and possesses property within such jurisdiction, to wit, a sum of money paid into and deposited with the New York State Employees' Retirement System, he having been an employee of the State of New York for a number of years prior to his departure from the jurisdiction. On the affidavit of petitioner disclosing such facts, an order was granted requiring the New York State Employees' Retirement System and the Comptroller of the State of New York to show cause before this court why they should not be required to pay into this court out of the funds of said respondent on deposit with the New York State Employees' Retirement System, the sum of $3,848 or any part thereof now in its possession and belonging to the said respondent, Louis Gates. Said order to show cause was duly served upon the New York State Employees' Retirement System and was returnable on this date, November 10, 1952. In response to the order to show cause, the Attorney-General of the State of New York submits a letter directed to the court representing that there is on hand to the credit of the respondent, the sum of $1,282.24, and further reading, in part, as follows:

" After consideration of the allegations of the petition, we have concluded that there are no legal grounds upon which we could or should oppose the granting of a writ, pursuant to Section 33e of the Children's Court Act, seizing the contributions made by Louis Gates to the Annuity Savings Fund in the amount now standing to his credit.

" We feel that the decision in *Hodson* v. *New York City Employees' Retirement System,* 243 App. Div. 480, is controlling. We have taken into consideration the fact that this case was decided prior to the effective date of July 1, 1940, of Article V, Section 7, of the Constitution, making membership in a retirement system a contractual relationship. In our opinion, this fact does not alter or modify the decision in the *Hodson* case."

I am in accord with the opinion of the Attorney-General and shall grant the application for a writ of seizure. Said section 33-e provides that the property may be taken, seized and applied in the manner provided in title VIII of part VI of the Code of Criminal Procedure. It appears to me that literal application of those provisions of the Criminal Code could not be made and it is my opinion that section 33-e means that the property is to be taken, seized and applied as nearly as possible in the manner provided in such sections of the Code of Criminal Procedure, having in mind the modifications thereto which are made neces-

sary by the authority granted under section 33-e to seize the property on the application of the petitioner and for this court to direct the disposition of the same.

Let the order provide for the payment over of the money into this court and for notice to the respondent Gates at his last-known place of residence by mail, as provided in section 922-a of the Code of Criminal Procedure.