John E. Cone, J.
Plaintiff seeks an order pursuant to section 1171 of the Civil Practice Act to sequester the pension fund of the defendant and for the appointment of herself as receiver of such fund. Plaintiff also seeks an allowance of additional counsel fee pursuant to section 1172-d.
This proceeding is based upon a final judgment of separation granted by this court to the plaintiff and against the defendant, her husband. By the terms of the judgment the defendant was ordered to pay to the plaintiff the sum of $35 weekly for her .support and for the support of their infant son. In addition, the defendant was ordered to pay the sum of $3 weekly in liquidation of accumulated arrears. The defendant has failed to pay the weekly sum due on May 16, 1957, and all weekly sums due thereafter.
*573 The plaintiff’s affidavit, submitted in support of the motion, was verified on July 15, 1957. In it she alleges that the defendant is employed as a bus driver and has an ‘ ‘ attachable interest ” in the New York City Employees’ Retirement System. She also states that the ‘' defendant will become entitled to full retirement allowance in approximately five years, which will consist of his ‘ allowance ’ plus his ‘ pension,’ the employer’s contribution.”
The moving papers also include an affidavit by plaintiff’s attorney, verified on August 19, 1957, in which he states that he was informed by defendant’s employer that the defendant resigned his position on July 5, 1957, and has “ applied for his accumulated benefits under his pension fund with the New York City Employees Retirement System.” He also alleges that the defendant is presently living in the State of New Jersey and recites the particular address.
In such a situation as presented here, where plaintiff seeks the assistance of the court in enforcing the defendant’s obligation to support those legally dependent upon him, it has repeatedly been held that such pension fund is not exempt from sequestration (Zwingmann v. Zwingmann, 150 App. Div. 358; Weigold v. Weigold, 236 App. Div. 126; Monck v. Monck, 184 App. Div. 656; Fisher v. Fisher, 133 N. Y. S. 2d 49).
Accordingly, the motion of the plaintiff for the sequestration of the defendant’s interest in the pension fund is granted. The plaintiff is appointed receiver upon furnishing a proper bond. Let the order provide for the attachment of such interest of the defendant in the pension fund, subject to the further order of this court.
The disposition of such sequestrated funds shall be subject to the further order of this court. The court is unable at this time upon the facts alleged to make a proper allocation thereof, as it is unclear from the facts shown herein what amount the defendant -will receive and whether such amount will be paid to the defendant in a lump sum or periodically. The manner in which said pension fund will be paid to the defendant will form the basis for proper allocation thereof between the plaintiff and the child on the one hand and the defendant on the other. ‘' While it is true that cases have held that the law will not starve the wife and feed the husband, it is also true that the law will not starve the husband and feed the wife. Each case ■must be decided on the circumstances disclosed” (Weigold v. Weigold, supra, p. 127).
In connection with this sequestration proceeding the plaintiff is awarded the sum of $100 as additional counsel fee. It is my *574 opinion that such counsel fee may not be collected from the sequestrated pension fund. See Monck v. Monck (supra) where the court held that the statutory exemption which protects the pension was not intended to prevent a wife from collecting (alimony therefrom, but refused to permit the wife’s costs and disbursements from being collected from such fund.
Submit order in accordance herewith.