Benjamin Brenner, J.
Plaintiff wife seeks an order directing the New York City Retirement System and the Comptroller of the City of New York, as disbursing, officer of the retirement fund, to pay her out of the pension money due and payable, or to become due and payable to the defendant husband, current alimony for the support of plaintiff and the two infant issue of the marriage, arrears in alimony and unpaid counsel fee as provided by an order of this court pendente lite made on June 27,1957. The parties were reconciled after the order was entered and resided together for a short period of time. The defendant has since disappeared, taking the children with him. His present whereabouts are unknown.
Defendant, having been an employee of the New York City Housing Authority, made contributions as a member of the New York City Employees’ Retirement System. There are total accumulations to his credit in the retirement system of $6,357.88. On September 4, 1957, he resigned his position with the housing'authority, effective December 18,1957.
By statutory enactment such contributions are not subject to execution, garnishment, attachment or other process (Administrative Code of City of New York, § B3-50.0). But the exemption has been held not to apply to sequestration proceedings brought by a wife of the employee member of the pension system to enforce payment of alimony decreed by the court (Wei- *1093 gold v. Weigold, 236 App. Div. 126; Monck v. Monck, 184 App. Div. 656; Fisher v. Fisher, 133 N. Y. S. 2d, 49). In Zwingman v. Zwingman (150 App. Div. 358, 360), the reason for the exception to the statutory prohibition was explained as follows: “ We do not believe the Legislature, in creating the police pension fund and exempting it from execution and other processes, ever intended that this exemption should be construed to deprive the wife of her legal and moral right to the support of her husband. The whole purpose of the statute is served when the fund is preserved for the use of the pensioner and those legally dependent upon him for support and maintenance (Emphasis supplied.)
In each of the cases cited the defendant husband was actually receiving a specific sum at stated intervals from the pension fund. It is hence contended that because the pension has not been fixed and is not yet payable the defendant has not acquired any property right in the fund and the plaintiff has acquired no right to attach it until after December 18, 1957, the date of retirement. But notwithstanding the effective date of obligation on the part of the retirement fund the defendant’s property interest therein and to borrow therefrom remains unquestioned. It is of no moment whether the defendant’s resignation on September 4, 1957, to take effect December 18, 1957, renders doubtful his status as an employee until after the latter date, when he may first make application for the refund of his accumulated salary deductions, except that the retirement fund is under no legal obligation to make payment until after such date. The husband’s present property interest in the fund is thus attachable by his wife for unpaid alimony and future alimony (Epstein v. Epstein, N. Y. L. J., Sept. 18, 1957, p. 10, col. 6), regardless of the date when the attachment bears fruit.
Accordingly, this motion will be construed to be an application to sequester defendant’s interest in the pension fund and for the appointment of a receiver thereof. The plaintiff is appointed receiver upon furnishing proper bond. Let the order provide for the attachment of such interest of the defendant in the pension fund, subject to the further order of this court as to disposition of such sequestered funds upon receipt thereof by the receiver and upon the court being apprised of the respective needs of the interested parties.
Settle order on notice in accordance herewith.