Richards W. Hannah, J.
This is a motion by Union No. 1 and the trustees of Union No. 1 Pension Fund to vacate an order of this court, dated February 27, 1963, which seized certain money due the respondent by these pension funds. The respondent has not appeared upon this motion and did not appear when order was granted. His whereabouts are unknown and he has not complied with an order of this court for support.
The petitioner filed a petition for her support and that of her two children on April 13, 1951 and on May 3, 1951 this court made an order on the respondent’s consent for $40 weekly. The order was subsequently modified by removing the children and changing the amount until it was reduced to $5 a week plus $1 on arrears on May 10, 1957. On October 5, 1962 the petitioner appeared in court on a petition for a violation of an order of support alleging that the respondent was $1,657 in arrears. After a hearing the respondent was found in willful contempt and fined $1,657. The testimony adduced showed all the requisites set forth in section 457 of the Family Court Act for a writ of seizure had been satisfied and the court ordered that all the respondent’s right, title and interest in three pension funds be seized.
Two of these funds now move to vacate the order of seizure upon these grounds: (1) that they had no notice, (2) that neither the petitioner nor the respondent had any right, title or interest in these funds, (3) that the trust agreement provides that no employee shall have the right to assign or pledge a pension to which he may be entitled by reason of this amended trust agreement, or to receive cash consideration in lieu thereof either upon the termination of the trust or upon his withdrawal from covered employment, or otherwise. Both sides have agreed to submit the motion without further proof or hearing except that a copy of the trust agreement has been submitted at the court’s request. It was also stipulated that the respondent was granted a $40-a-month pension commencing February, 1960. The present whereabouts of the respondent are unknown.
*599 The procedure of seizing the husband’s right, title and interest in property has been established since 1718 in England. It was followed by the New York Colonial Legislature in 1773 and by the State Legislature in 1784 and has been part of our statute law since then. It has been long established that when a husband abandons his wife and children, that upon a proper showing his property may be seized without notice to him. The ease of Corn Exch. Bank v. Commissioner (280 U. S. 218) established this principle. There the husband had certain moneys on deposit in the bank. Upon proper application the court issued a warrant to seize the husband’s money. The bank refused to pay. Thereupon the Commissioner by complaint sought to reduce the fund to his possession. The bank moved for judgment upon the ground that the statute failed to provide for notice, actual or constructive, to the absconder and could not be enforced without denying the due process clause of the Federal and State Constitutions. The Supreme Court held no notice to the husband was necessary.
In the Corn Exchange case no notice was given to the bank prior to the issuance of the warrant.
The trust agreement contains the following conditions which are pertinent to this motion: “ 13. Neither (a) an employee of a Contributing Employer, (b) a Contributing Employer, (c) the Association, (d) the Union, (e) a member of the Union or (f) any person claiming by, through or under them or any of them, shall have any right, title or interest in or to the Trust Estate or any part thereof, except the right of an eligible employee to receive a pension in conformity with this Trust Agreement. No eligible employee shall have the right to assign a pension to which he may be entitled by reason of this Trust Agreement, and such rights shall not be subject to creditor’s claims or execution.”
Paragraph 14 as set forth in the moving papers is somewhat different from that in the trust agreement in that it provides: “ No employee shall have the right to assign or pledge a pension to which he may be entitled by reason of this Amended Trust Agreement, or receive cash consideration in lieu thereof, either upon the termination of the Trust or upon his withdrawal from covered employment, or otherwise.”
It should be noted that this contains no prohibition against executions or creditors’ claims. I shall accept the language of the trust agreement.
The trustees also urge that under the quoted provisions of the trust agreement the moneys cannot be assigned, pledged or executed upon. In my opinion the warrant of seizure is neither an assignment nor a pledge, which ordinarily is a voluntary act. *600 The trust agreement provides that the funds were not subject to execution or creditor’s claims. In Hodson v. New York City Employees’ Retirement System (243 App. Div. 480) it was held that the Commissioner of Welfare could seize funds belonging to a member of the fund who has absconded and left his wife and child although the Greater New York City Charter provided against attachment. In Zwingman v. Zwingman (150 App. Div. 358) a similar result was reached in the case of a retired policeman who left the State to avoid payment of alimony under a court decree. The Police Pension Fund provided against attachment. Here, again, the court held that it could be seized. The rationale in allowing the seizure is that the proceeding is quasi-criminal in nature and consequently the exemption does not apply.
The following cases also uphold this procedure:
Monck v. Monck (184 App. Div. 656) where a retired policeman had absconded and the Police Pension Fund was ordered to pay a monthly amount owed by him out of the funds owed to him until the sums due were paid.
Weigold v. Weigold (236 App. Div. 126) the interest in the pension fund of a police officer was held partly payable to his wife to pay accrued alimony.
Gates v. Gates (203 Misc. 534) where a seizure was made against funds of the State Employees’ Eetirement Fund of an absconding husband.
Franklin v. Franklin (176 Misc. 612, affd. 262 App. Div. 991) where it was held that disability payment due the husband under a disability insurance policy, although exempt under the Insurance Law, could be reached to secure payment for support.
Schlaefer v. Schlaefer (112 F. 2d 177) where the wife was held entitled to reach disability payments due her husband under insurance policies. (See, also, Albert v. Albert, 199 N. Y. S. 2d 766.)
I have concluded and find that the facts established the right to the writ of seizure and that there is no provision in the trust agreement which requires that it be vacated. In closing I might quote from Hodson v. New York City Employees’ Retirement System (243 App. Div. 480, 483) where the court quoted an excerpt from another case (Zwingmann v. Zwingmann, 150 App. Div. 358, 360) to this effect: “‘court should not be astute in discovering a way to relieve the defendant of his obligations, voluntarily assumed, because of any strict construction of the language of any act which was designed to give protection to the faithful servants of the public and those dependent upon them.’ ” Motion is denied.