Allan Dixon, J.
The question raised is whether a pension under the New York State Policemen’s and Firemen’s Retirement System (Retirement and Social Security Law, art 8) is subject to a wage deduction order under section 49-b of the Personal Property Law. This court holds in the affirmative.
This case originated by petition for enforcement of a Rensselaer County Supreme Court decree of divorce, brought by the petitioner against her former husband, a retired New York State policeman, to obtain support for the two minor children of their marriage. The divorce decree incorporated the prior separation agreement between the parties, but the separation agreement did not merge therein. The separation agreement provided for child support of $65 total for both children. Since the divorce decree did not give the Supreme Court exclusive jurisdiction to enforce or modify its decree, this court has concurrent jurisdiction to do so. (Family Ct Act, §§ 466, 461.) An order of this court entered October 16, 1975, enforced the separation agreement amount of $65 per week for the support and maintenance of both children to be paid to the Rensselaer County Probation Department for remittance to the petitioner, but permitted the respondent to pay $30 total per week for the period in which he was disabled from performing the duties of his regular employment, with the arrears to accrue. At present, the respondent’s sole income is his disability pension from the New York State Policemen’s and Firemen’s Retirement System.
*776 Section 410 of the Retirement and Social Security Law specifically exempts such pensions from "execution, garnishment, attachment, or any other process whatsoever” (subd 2), and prohibits the assignment of such pensions except as specifically provided in article 8 of the Retirement and Social Security Law. However, this general exemption from attachment, garnishment or assignment does not apply to claims for support of the pensioner’s own children, "on the theory that an adjudication' of alimony or support is not a debt within the meaning of the exemption statutes.” (22 NY Jur, Exemptions, § 57.) "The exemption and antiassignment provisions evince a legislative intent to protect the member and his family from the results of his own improvidence or misfortune” (Caravaggio v Retirement Bd. of Teachers’ Retirement System of City of N. Y, 36 NY2d 348, 353; emphasis supplied), but the exemption statute was not intended to deprive a father of the legal and moral obligation of supporting his own children. (Zwingmann v Zwingmann, 150 App Div 358; Monck v Monck, 184 App Div 656; Weingold v Weingold, 236 App Div 126; Hodson v New York City Employee’s Retirement System, 243 App Div 480; Matter of Gates v Gates, 203 Misc 534.) Thus, the October 16, 1975 order of this court entered against the respondent may be enforced by entering a wage deduction order under section 49-b of the Personal Property Law, directed to the Comptroller of New York State as administrative head of the Policemen’s and Firemen’s Retirement System.