*407 OPINION OF THE COURT
Beatrice Shainswit, J.
The court grants the motion for reargument, but adheres to its prior decision.
The husband’s suit for divorce was dismissed, after trial by Mr. Justice Stecher, in a judgment dated May 5, 1977, which also awarded the wife $100 per month commencing March 1, 1977, plus a counsel fee of $750. Not one penny of this having been paid, the wife brought on a motion to punish for contempt. The husband and his attorney initially appeared in connection with this motion, obtained several delays, and then ultimately defaulted. On the basis of affidavits from the wife establishing that the nonpaying and defaulting husband had no known employment, but was the recipient of a substantial pension from the National Maritime Union, this court signed an order, dated November 28, 1977, adjudicating the husband in contempt, and directing, inter alia, that the National Maritime Union Pension and Welfare Plan deduct $100 per month from the husband’s pension, pursuant to section 49-b of the Personal Property Law.
 The attorneys for the pension plan now seek reargument to consider the applicability of the Federal Employee Retirement Income Security Act of 1974 (ERISA) (US Code, tit 29, § 1001 et seq.). That statute — section 1056 (subd [d], par [1]) of title 29 of the United States Code — states that covered pension plans must require that "benefits provided under the plan may not be assigned or alienated.” Movants take the position that compliance with the court’s order might constitute an assignment or alienation violating ERISA and thereby subjecting the plan to possible loss of tax exemption, or surcharge of the trustees.
No persuasive authority has been cited by either side. Movant’s contention appears to be a novel one insofar as the Federal pension statute is concerned. As to the State Retirement and Social Security Law — section 110 of which similarly exempts pensions from execution, garnishment, attachment or any other process — we have already dealt with the question. Our courts, noting that section 49-b of the Personal Property Law specifically authorizes deduction from pensions, have uniformly rejected the argument that the pension statute protects a father against his obligation to support his family. (Weigold v Weigold, 236 App Div 126; Monck v Monck, 184 App Div 656; Zwingmann v Zwingmann, 150 App Div 358; Matter of Michel v Michel, 86 Misc 2d 774.)
*408 A parallel holding insofar as the Federal situation is concerned is fully consistent with logic, fair play, common sense, and manifest intent in terms of the over-all Federal objective. The court does not believe Congress intended to create a privileged sanctuary, behind which a delinquent husband or father can thumb his nose at concededly valid and outstanding support orders. It is inconceivable that Congress meant to authorize use of a pension fund as a barrier behind which a husband could shed all his assets and income, live on the pension arrangements, and leave his wife — or, in other cases, infant children — to go begging for welfare. We are dealing in this case with an ongoing husband and wife relationship, never terminated by divorce. It thus seems even more evident that no concealed Federal policy is being undercut if the pension arrangements flow into the marriage in implementation of the husband’s marital responsibilities.
Until and unless Congress has made it plain that it intended the absurd, unfair and unconscionable result contended for by the movant upon reargument, the court will not leave the field, and will permit the normal and routine enforcement machinery with respect to outstanding support orders to function.