OPINION OF THE COURT
Isidore Levine, J.
Following a hearing on October 5, 1977, the respondent was ordered, under article 4 of the Family Court Act, to continue paying the sum of $35 per week for the support of his two children. The court found that the respondent, who is retired, is incapable of supplementing his income, which consists of a $306 per month pension from the Brewery Workers Pension Fund (Pension Fund). Respondent stated at the hearing that he would not comply with the support order, whereupon the court signed a payroll deduction order, pursuant to section 49-b of the Personal Property Law. The Pension Fund was directed to deduct the sum of $35 per week, and forward this amount to the Family Court, for the benefit of the petitioner.
On October 20, 1977, an order to show cause was signed, wherein an order was sought to vacate the payroll deduction order, and ordering a stay in its execution, pending the determination of this motion, which was returnable on November 9, 1977.
But, on the said date, the stay of execution of the order was vacated, and the Pension Fund was again directed to comply with the payroll deduction order, pending the reply to the order to show cause by respondent, who requested counsel. The Corporation Counsel filed opposition papers to the motion.
The contention of the Pension Fund is:
(1) that the deduction of the amounts directed by the payroll deduction order is in violation of a provision of the Pension Fund plan,
(2) that section 49-b of the Personal Property Law does not authorize the payroll deduction order, and
(3) that the Employment Retirement Income Security Act of 1974 (US Code, tit 29, § 1000 et seq.) supersedes any State law pertaining to employee benefit plans, and does not permit the payroll deduction order.
The first two issues may be disposed of together. The provision of the Pension Fund plan which has been cited, as *1018 being contrary to the payroll deduction order, is section 4 (par [6] [d]), which states, "No pension or other benefit shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge, and any attempt so to anticipate, alienate, sell, transfer, assign, pledge, encumber or charge the same shall be void; nor shall any such benefit be in any manner liable for or subject to the debts, contracts, liabilities, engagements or torts of the person entitled to such benefit.”
There have been a number of cases in New York dealing with pension fund plans of private and public employees, which have an "exemption” section very similar to that of the Pension Fund plan cited supra. The courts have been consistent in subjecting pension funds, with plans such as this, to a payroll deduction order, notwithstanding any "exemption” section, in order to permit an obligation to support a spouse or child to be enforced. In Zwingmann v Zwingmann (150 App Div 358) the Appellate Division held that sequestration of payments for a spouse, from the police pension fund, are excepted from an exemption provision of the law governing employees’ pensions. This section stated (p 359) that all moneys payable from the pension fund are exempt from " 'execution and from all process and proceedings to enjoin and recover the same by or on behalf of any creditor or person having or asserting any claims against, or debt or liability of, any pensioner of said fund.’ ” The court held (p 360) that this section was not to be applied where a spouse’s right to support was involved, stating that the legislative purpose was not "to deprive the wife of her legal and moral right to the support of her husband.” (Also see Monck v Monck, 184 App Div 656; Weigold v Weigold, 236 App Div 126; Hodson v New York City Employees’ Retirement System, 243 App Div 480; Matter of Gates v Gates, 203 Misc 534; Fisher v Fisher, 133 NYS2d 49; Epstein v Epstein, 10 Misc 2d 572; Fox v Fox, 9 Misc 2d 1092; Matter of Michel v Michel, 86 Misc 2d 774.) The Court of Appeals has stated that "statutory limitations on and exemptions from execution, and the like, serve the common good by guarding against the impoverishment of those whose improvidence or misfortune might otherwise result in a burden upon society as a whole”. (Caravaggio v Retirement Bd. of Teachers’ Retirement System of City of N. Y., 36 NY2d 348, 357.) In other words, the purpose of exemption provisions such as these is "to foster the support of the family by protecting *1019 necessary money from the grasp of outsiders; it is not to help one member of the family avoid his obligation to support the others.” (Fordyce v Fordyce, 80 Misc 2d 909, 915.)
The same reasoning has been applied to executions upon the interest of a pensioner in a private pension plan, for the purpose of supporting a spouse or child. In Fox v Fox (276 App Div 859), the court garnished respondent’s interest in the "Retirement System”, which respondent’s employer, Macy’s, had established. (Also see La Hondere v La Hondere, 256 App Div 942.)
The common law in this area has now been codified by an amendment to section 49-b of the Personal Property Law (L 1977, ch 516, §27, eff Jan. 1, 1978). The language of this section specifically authorizes a payroll deduction order from any pension plan, for purposes of support. In part, the relevant language states: "When a person is ordered by a court of record to pay for the support of his children under the age of twenty-one, and/or spouse, and/or former spouse, the court, at the time an order of support is made, upon a showing of good cause, or at any time thereafter, may order his employer, former employer, the auditor, comptroller, or disbursing officer of any pension fund * * * to deduct from all monies * * * entitlement to which is based upon remuneration for employment, past or present, such amounts as the court may find to be necessary to comply with its order”. The exemption section of the Pension Fund contravenes section 49-b of the Personal Property Law as it applies to child support. The Pension Fund itself clearly falls within the parameters of this statute, and therefore, according to section 49-b, the court may order a valid payroll deduction order for child support. Further, the Family Court has been granted the power to apply section 49-b, under section 448 of the Family Court Act. This section states, "The family court is hereby authorized to enter an order with respect to an income deduction, in accordance with the provisions of section forty-nine-b of the personal property law, in any support proceeding under the provisions of article four, five, or five-A of this chapter.”
Accordingly, it appears that pension plans which by their own provisions exempt any type of wage attachment, have consistently been executed upon by the courts for the support of a spouse or child, and since section 49-b of the Personal Property Law expressly permits pension deductions for child *1020 support, a payroll deduction order entered in this case, is valid under New York State law.
The final issue to be decided in this case, is whether the payroll deduction order is in violation of the Employee Retirement Income Security Act, a Federal law, which would supersede the New York State law, as set out above, on this issue. The Employee Retirement Income Security Act is intended to uniformly regulate the field of pensions, and pre-empts State law in the regulation of this field. There is no question that if the State law is found to conflict with the regulation of pension plans set out by Federal law, the State law will be superseded. (National Bank of North Amer. v International Brotherhood of Elec. Workers Local No. 3, 93 Misc 2d 590; Azzaro v Harnett, 414 F Supp 473; US Code, tit 29, § 1144[a].)
The Brewery Workers Pension Fund asserts that section 206 (subd [d], par [1]) of the Employee Retirement Income Security Act (US Code, tit 29, § 1056, subd [d]), conflicts with State law, and that this section does not permit the payroll deduction order, entered against the Pension Fund. This section states, "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.” It is the opinion of this court that this portion of the Employee Retirement Income Security Act statute is in no way a bar to the payroll deduction order. This opinion is based upon the fact that there is a basic difference between an assignment or alienation, and a court-ordered garnishment of wages or pension funds. The difference is that assignment and alienation are both voluntary types of property transfer, whereas, a garnishment such as the one in this case, is a transfer of property via a court-ordered execution.
Recent decisions have pointed up this distinction. See Matter of Anonymous v Anonymous (41 Misc 2d 597), where the Family Court ordered a seizure of a respondent’s right to his union pension fund, for purposes of support. The trust agreement in that case provided (p 599), as does the Employee Retirement Income Security Act, that " '[n]o employee shall have the right to assign or pledge a pension to which he may be entitled’ ”. The court in this case stated (p 599): "In my opinion the warrant of seizure is neither an assignment nor pledge, which ordinarily is a voluntary act.”
In National Bank of North Amer. v International Brotherhood of Elec. Workers Local No. 3 (supra) the issue was whether section 206 (subd [d], par [1]) of the Employee Retire *1021 ment Income Security Act pre-empted CPLR article 52, which relates to the enforcement of money judgments. The petitioner, a judgment creditor, petitioned the court for an order executing the judgment on the respondent’s pension. Respondent opposed the motion, stating that section 206 (subd [d], par [1]) of the Employee Retirement Income Security Act superseded New York law. The respondent in that case, as does counsel in this case, also noted that section 401 (subd [a], par [13]) of the Internal Revenue Code of 1954, (US Code, tit 26, § 401, subd [a], par [13]) requires that the benefits provided under the plan may not be assigned or alienated. The language of this statute being similar to the Employee Retirement Income Security Act section, was analyzed in the same way. The court, in National Bank of North Amer. (supra) found that the legislative intent of Congress, in both statutes, was to bar voluntary transfers of pension funds, and that, " 'For purposes of this rule, a garnishment or levy is not to be considered a voluntary assignment.’ ” (See Joint House and Senate Conference Committee, statement cited in National Bank of North Amer., p 596, supra.) This court further stated (p 597) that, "our State statutes which provide for execution against the assets and/or income of judgment debtors to satisfy judgment creditors, do not conflict with, or impinge upon the Employee Retirement Income Security Act, which has not touched upon this peripheral issue.” The situation of a judgment debtor is analogous to that of one who refuses to pay support, in that both require judicial enforcement to satisfy the debt, and is therefore not the voluntary type of transfer intented to be barred by the Employee Retirement Income Security Act.
The Proposed Income Tax regulation section 1.401 (subd [a], par [13]), which would prohibit "attachment, garnishment, levy, execution or other legal or equitable process,” has not as of this date been enacted into law, and is therefore not binding upon this court. Moreover, this section would only effect the tax status of the Pension Fund, and not the substantive law applicable thereto.
Further, it has been held that section 206 of the Employee Retirement Income Security Act does not bar a garnishment of pension funds in a case specifically dealing with support. In Matter of Wanamaker v Wanamaker (93 Misc 2d 784) the court held that a petitioner seeking to enforce the terms of a divorce decree is not a creditor excluded by the Employee *1022 Retirement Income Security Act from attaching the private pension plan of the respondent. This court reasoned (p 788) that to hold otherwise would be against the public interest and would permit the pensioner "to reap all of the benefits of his pension while his dependents have to seek support from other sources.” Thus, the exemption section of the Employee Retirement Income Security Act like that of other pension plans is not intended, and is not construed to defeat a spouse’s or child’s right to support from this source of income.
Another indication of this intent can be seen in Diaz v Diaz (568 F2d 1061). In this case the petitioner sought to garnish the respondent’s Federal retirement pension. The court asserted that the State court could properly accomplish this through State court action. Under section 659 of title 42 of the United States Code, Congress has waived the sovereign immunity of the United States so as to allow for garnishment in support cases. Thus, it may be inferred that where a Federal court has permitted a State court to garnish a Federal pension, subsequent to the enactment of the Employee Retirement Income Security Act, it is clear that the Federal Government has not made pension funds exempt from garnishment orders, for purposes of support.
Therefore, as section 206 of the Employee Retirement Income Security Act does not specifically prohibit attachment, seizure or sequestration of a pension fund, and since this section has been interpreted by the courts as permitting the garnishment of pension funds for support, the New York law does not conflict with the provisions of the Employee Retirement Income Security Act and is not therefore superseded by the Employee Retirement Income Security Act.
Accordingly, the order to show cause is dismissed, and the Pension Fund’s application to vacate the payroll deduction order is denied.
(FEBRUARY 27, 1978)
On February 22, 1978, just one day after the signing of the order in this matter, the case of Cogollos v Cogollos 93 Misc 2d 406) decided by Justice Shainswit appeared in the New York Law Journal, and since it is directly in point in support of the order made herein, this court for the sake of completeness, now refers to said case.
*1023 The attorneys for the National Maritime Union pension plan objected to a payroll deduction order on the grounds that it would violate the section of the Employee Retirement Income Security Act prohibiting the assignment or alienation of the funds. The court therein found (p 408) that it was not the Congressional intent to "create a privileged sanctuary” whereby a husband could have full use of his pension funds, while his wife remains in need of support. Further, the court stated, (p 408), "no concealed Federal policy is being undercut if the pension arrangements flow into the marriage in implementation of the husband’s marital responsibilities.”