**Nancy Lee KNAPP, judgment creditor, Respondent,**

v.

**Paul Herbert JOHNSON, judgment debtor, Appellant,**

Ivan J. Gerber, Trustee for Gerber Jewelers, Profit Sharing Trust, Garnishee.

No. 51168.

Supreme Court of Minnesota.

Nov. 28, 1980.

Paul H. Johnson, pro se.

Johnson, Essling, Williams, Essling & Daly, St. Paul, for respondent.

AMDAHL, Justice.

The defendant–judgment debtor Paul H. Johnson appeals from an order of the Ramsey County District Court, holding that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1381 (1976), does not preempt a state court's power to garnish a beneficiary's interest in a profit–sharing plan for the purpose of satisfying a judgment for unpaid child support. We affirm.

In 1972, the defendant was adjudicated the father of the child of the plaintiff Nancy Knapp, the judgment creditor in this case, and was ordered to pay plaintiff $75 per month for child support. The plaintiff obtained a judgment against the defendant in 1979 in the amount of $5,450 plus costs following the defendant's failure to comply with the 1972 order, and sought to garnish the defendant's interest in a profit–sharing plan that is regulated by ERISA. The defendant contended at the garnishment hearing that ERISA and certain provisions of the tax code and regulations preempted a state court's power to allow garnishment of an ERISA–regulated profit–sharing plan for the purpose of satisfying an unpaid judgment for child support.

■ Congress enacted ERISA in 1974 to provide a comprehensive federal scheme which would protect pension and profit–sharing beneficiaries and their dependents. See 29 U.S.C. § 1001(a) (1976). Several provisions of ERISA and the tax code and regulations appear on their face to limit or preempt a state court's power to garnish the funds of an ERISA–regulated plan. See 29 U.S.C. § 1056(d)(1) (1976); 29 U.S.C. § 1144 (1976); I.R.C. § 401(a)(13); Treas. Reg. § 1.401(a)–13 (1978). Although a judgment creditor generally cannot garnish a debtor's interest in an ERISA–regulated pension or profit–sharing plan, see, e. g., *General Motors Corp. v. Buha*, 623 F.2d 455 (6th Cir. 1980), a substantial number of state and federal decisions have held that an interest in a regulated plan may be garnished for family support obligations, see, e. g., *American Telephone & Telegraph Co. v. Merry*, 592 F.2d 118 (2d Cir. 1979); *In re M. H. v. J. H.*, 93 Misc.2d 1016, 403 N.Y.S.2d 411 (Fam.Ct.1978).

■ In our view, a dependent of a beneficiary is entitled to garnish the beneficiary's interest in an ERISA–regulated plan for the purpose of satisfying support and alimony obligations. We take this position for several reasons. First, one of the overriding reasons that Congress enacted ERISA was to provide for the well–being of beneficiaries' dependents. See 29 U.S.C. § 1001(a) (1976). To deny dependents the right to reach ERISA–regulated funds would contravene this explicitly stated purpose. Second, an analysis of the statutory scheme shows that Congress intended to create a distinction between voluntary transfers such as an assignment or alienation, which the statute prohibits, and court–ordered transfers of funds for the purpose of support, a matter upon which the statute is silent. See *In re M. H. v. J. H.*, 93 Misc.2d 1016, 1020–21, 403 N.Y.S.2d 411, 414–15 (Fam.Ct.1978). Finally, the basic police powers of the states, especially in the area of domestic relations, are not superseded by federal legislation absent a clear and manifest demonstration of such intent by Congress. See *American Telephone & Telegraph Co. v. Merry*, 592 F.2d 118, 122 (2d Cir. 1979).

Affirmed.