OPINION OF THE COURT
David B. Saxe, J.
This motion by the plaintiffs raises the question of the scope and application of Caravaggio v Retirement Bd. of Teachers’ Retirement Sys. (36 NY2d 348), a seminal case concerning Teachers’ Retirement System survivor benefits.
Plaintiff Madeleine Heitner is the first wife of deceased Jay Heitner and the remaining plaintiffs are the children of that marriage; defendant Lois Heitner is the second wife of deceased Jay Heitner. Plaintiffs seek by this order to show cause to enjoin the New York City Board of Education, the New York City Teachers’ Retirement System (TRS) and the U.F.T. Welfare Fund (Fund) from paying any funds payable as a result of Jay Heitner’s death to any person other than the plaintiffs, and further seek to enjoin Lois Heitner from disbursing any such funds she has already received. Lois Heitner cross-moves for summary judgment dismissing the action as against herself.
A cross motion by defendant U.F.T. Welfare Fund indicates that it is holding a death benefit of $5,000, and that its file contains a beneficiary card designating Lois Heitner as beneficiary. The Fund seeks to deposit the $5,000 into court as a stakeholder, and to thereby be discharged from liability.
The plaintiffs rely upon the terms of the separation agreement between Jay and Madeleine Heitner and the judgment of divorce incorporating the terms of that agreement. Those documents contain a provision that "any and all survivor benefits with the Husband’s employer, the Board of Education, shall be deemed, for purposes of this agreement, to be in the nature of insurance coverage and the irrevocable beneficiary and Trust provisions hereinabove set forth shall apply to same”, and that "The Husband agrees that he will forthwith obtain, execute and deliver to the Wife such forms and other instruments as may be necessary to provide for the children as irrevocable beneficiaries, with the Wife as Trustee of the proceeds of such policies, with the Trust provisions to cease *559 when a child attains to age of 21 years.” The plaintiffs allege that in contravention of these provisions, Jay Heitner failed to name his children as the beneficiaries of the death benefits payable by the Teachers’ Retirement System and by the U.F.T. Welfare Fund.
The Teachers’ Retirement System states that it is holding a retirement benefit in the amount of $304,109.69, due to Jay Heitner’s designated beneficiary, and it has submitted a copy of the form on which Jay Heitner designated Lois Heitner the primary beneficiary of this retirement benefit.
With regard to the funds held by TRS, the seminal case of Caravaggio v Retirement Bd. of Teachers’ Retirement Sys. (36 NY2d 348, 350, supra) is determinative. It is succinctly stated there that "A member of the Teachers’ Retirement System may not effectively agree, in a separation agreement, or otherwise, to designate irrevocably a beneficiary of benefits payable on death.” The distinctions plaintiffs attempt to draw between Caravaggio and their own case are not persuasive. Whether the claimant is a minor child or a spouse, the same statute and policies apply: the New York City Administrative Code makes TRS retirement benefits unassignable, and gives a member of TRS the right to file a new designation of beneficiary at any time (see, Administrative Code §§ 13-558, 13-561).
The plaintiffs argue that since the survivor benefits discussed were clearly intended to take the place of support payments which would discontinue upon Jay Heitner’s death the provision in the separation agreement and divorce judgment was in the nature of a child support obligation; such obligations, plaintiffs contend, are of paramount or overriding importance. (See, Matter of Michel v Michel, 86 Misc 2d 774.) However, even accepting plaintiffs’ contention that the support of the deceased’s children should be viewed as paramount, it is apparent to this court that the holding of Caravaggio applies squarely to these facts. In the words of the Court of Appeals, "if the right to designate a beneficiary can be bargained away for a worthy member of the family, it may be bargained away for an unworthy person or a creditor or exacting lender who will expect much because his security may be deferred until the death of his debtor” (36 NY2d 348, 354, supra). Accordingly, the court concluded that "the right to change designations is absolute and indefeasible, and may not be bargained away, even in a separation agreement” (Caravaggio v Retirement Bd. of Teachers’ Retirement Sys., supra, at 354).
*560 I am constrained to hold that with regard to benefits held by the TRS, the plaintiffs’ only actionable right is as against the executor of Jay Heitner’s estate; the decedent’s designation of Lois Heitner as beneficiary of his TRS benefits is valid and enforceable.
With regard to the $5,000 benefit held by the U.F.T. Welfare Fund, no such statute operates precluding assignment of that benefit, and the question of whether the separation agreement constitutes an irrevocable assignment of that benefit remains to be litigated on its merits. On that issue, the status quo will be served by payment into court of the $5,000 held by the stakeholder.
Consequently, the plaintiffs’ motion for a preliminary injunction is denied in its entirety, the cross motion of defendant U.F.T. Welfare Fund is granted, and the cross motion of defendant Lois Heitner is granted to the extent that the complaint as against her must be dismissed to the extent it concerns the decedent’s TRS benefits.