■ MADELEINE HEITNER, on Behalf of KAREN HEITNER, an Infant, et al., Appellants, v LOIS E. HEITNER et al., Respondents, et al., Defendant.—Resettled order, Supreme Court, New York County (David Saxe, J.), entered on June 9, 1989, which, *inter alia,* denied plaintiffs' motion for injunctive relief, granted defendants' cross motion for summary judgment dismissing the complaint, and directed payment of the decedent's New York City Teachers Retirement System death benefits to the decedent's named beneficiary, defendant Lois Heitner, unanimously affirmed, without costs.

In this action, plaintiffs, the wife and children of the first marriage of the decedent, a former teacher employed by the New York City Board of Education, sought to enjoin the New York City Board of Education and the New York City Teachers Retirement System and the U.F.T. Welfare Fund from paying the decedent's death benefits to the decedent's designated beneficiary, defendant Lois Heitner, the decedent's second wife.

Upon the definitive authority of *Caravaggio v Retirement Bd.* (36 NY2d 348, 350 [1975]), the court below properly determined that neither the decedent's contractual promise, in an earlier separation agreement, to designate the plaintiffs as irrevocable beneficiaries of his Retirement System death benefits nor defendant Lois Heitner's waiver of "all rights and claims" to the decedent's pension, in a subsequent separation agreement, could be invoked against the New York City Teachers Retirement System so as to compel payment of the death benefits to the plaintiffs herein. *(Matter of Prouse v Misarti,* 115 AD2d 867 [3d Dept 1985]; *Matter of Demerritt v Levitt,* 71 AD2d 757 [3d Dept 1979], *lv denied* 48 NY2d 607 [1979]; Administrative Code of City of New York § 13-558 [a].)

Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ. *[See,* 141 Misc 2d 557.]