# THE COLUMBIA BRICK COMPANY
*v.*
# THE DISTRICT OF COLUMBIA.

SĒCS. 709 AND 710 R. S. D. C.; EQUITABLE GARNISHMENT ; CONTRACTS.

1. Whether Secs. 709 and 710 R. S. D. C., relating to the garnishment by sub-contractors of moneys due contractors by owners of buildings, is repealed by the act of Congress of July 2, 1884, ch. 143, known as the Mechanics' Lien Law, *quaere.*
2. Money in the hands of a municipality due a contractor is not subject to equitable garnishment by a creditor of the contractor.
3. A reservation in a contract between a municipality and a contractor, whereby the former reserves to itself the right to retain money in its hands which would otherwise be due the contractor, until all material-men are fully paid, is not binding on the municipality as between it and a material-man.

No. 6.   Submitted October 3, 1893.—Decided November 6, 1893.

This was a suit in equity brought in the Supreme Court of the District of Columbia, by the complainant the Columbia Brick Company, as a sub-contractor and material-man, against the District of Columbia, as owner, Columbus. Thomas, as contractor, and a number of other defendants, as sub-contractors. The defendant Thomas had, under contract with the District, built for it a schoolhouse, and the object of the proceeding was to subject an unpaid balance of the contract price in the hands of the District, and due the defendant Thomas, to the payment of the claims of the complainant and the other sub-contractors and material-men, who were made defendants and who had not been paid by Thomas. Under his contract with the District, entered into in 1887, Thomas was to furnish the work and materials and to construct the schoolhouse in question, for $22,300. He employed various sub-contractors and material-men, and they in turn employed others. It was proved that the complainant and the defendants, other than the District, all furnished materials which were used in the construction of the-

building; and it was also shown that the contract between the District of Columbia and Thomas contained, among other provisions, a stipulation that the contractor should "furnish to said Commissioners satisfactory evidence that all persons who have done work or furnished materials have been paid as herein required; and if such evidence is not furnished, such sum or sums as may be necessary for such payment may, in the discretion of the said Commissioners, be retained until such claims are fully satisfied."

On September 10, 1887, the complainant notified the District Commissioners of the indebtedness due it from Thomas for brick furnished for the building; and requested them to see that the account was paid out of any money that might be due Thomas, and to make no further payments to him until the account was settled. A similar notice was given the Commissioners on March 13, 1888, on behalf of the other material-men and sub-contractors. The complainant and the other claimants not having been paid, this suit was brought. The cause was heard on the pleadings and testimony, and a decree was entered by the court below dismissing the bill. *Affirmed.*

*Mr. W. G. Johnson* for the appellants; (*Mr. Calderon Carlisle* was with him on the brief):

1. The complainants, and the defendants, except Thomas and the District, place their right to recover in this cause upon the clause in the contract hereinafter referred to and upon Sec. 709, R. S. D. C., which provides that "Any sub-contractor, journeyman or laborer employed in the construction or repair of any building, or in furnishing any materials or machinery for the same, may give at any time the owner thereof notice, in writing, particularly setting forth the amount of his claim and the service rendered for which his employer is indebted to him, and that he holds the owner responsible; and the owner of the building shall be liable for the claim, but not to exceed the amount due from him to the employer at

the time of notice, or subsequently, which may be recovered in an action."

The act of July 2, 1884 (23 Stat., 64), does not repeal the former act, but is expressly limited in its repealing effect upon chapter 20 of the Revision, to "such parts of chapter twenty" as are "inconsistent with the provisions of this act." Sec. 14, p. 66.

There is no inconsistency between the two statutes—the later act merely giving an additional remedy to a certain class of persons against the land itself, while the old remedy against the unpaid balance in the hands of the owner remains unaffected.

The giving of the notice to the District and the fact that at that time the District had in its hands, due to Thomas, a balance more than sufficient to pay all the claims are admitted on the record.

Under the provisions of Section 709 the notice bound so much of that balance as was necessary to pay the amounts due by Thomas.

2. By the terms of the contract between the defendants Thomas and the District the defendant Thomas agreed to see to the full and punctual payment of all material-men, and the right was allowed and reserved to the District to retain, in its discretion, funds for that purpose. This was not for the benefit of the District nor of Thomas, but for the benefit of the material-men, and though discretionary in the District to exercise it or not, when once exercised the District became, by the terms of the contract with Thomas, a trustee of such fund as it might withhold, for the benefit of the unpaid material-men.

*Mr. S. T. Thomas* and *Mr. A. B. Duvall* for the District of Columbia:

1. Whatever money is in the hands of the accounting officers of the District of Columbia representing the balance due the contractor for the erection of said schoolhouse, is held by them in their official capacity as municipal officers.

A municipal corporation in the absence of statute is not liable, on grounds of public policy, to be garnished for debts due its contractors. This question is *res judicata* in this District. *Manufacturing Company* v. *Taylor*, 1 MacA., 4. The District of Columbia is an agency of government, and should not upon principles of public policy be made the vehicle for collecting private debts. To involve a municipality in litigation in which it has no interest is to interfere with the administration of public business. *McDougal* v. *Supervisors*, 4 Minn., 189.

2. The case is as though it were an attempt on the part of the complainant to enforce a mechanics' lien against the schoolhouse erected by Thomas. Indeed, reference is made on the brief of counsel for the appellant to section 709 of the District Revised Statutes, relating to mechanics' liens, and the right to recover is based on that section and the retain clause of the contract. It is well settled, that unless permitted by statute, mechanics' liens do not attach upon public schoolhouses and the land upon which they are erected. *Thomas* v. *Urbana School District*, 71 Ill., 283 ; *Charnock* v. *Colfax*, 21 Iowa, 70; *Williams* v. *Controllers*, 18 Pa. St., 275. In the absence of statutory provision, public policy and public necessity alike forbid the acquisition or enforcement of such a lien against public property held for private use. So far as section 709, of the. Revised Statutes of the United States relating to the District of Columbia (relied on by the complainant) is concerned, it was part of the Mechanics' Lien Law as it existed prior to July 2, 1884, and was repealed by the act of Congress of that date (23 Stat., 64), to amend chapter 20 of the Revised Statutes of the District. *Forsberg* v. *Lefler, ante*, p. 36.

*Mr. Andrew A. Lipscomb* for the appellee Thomas.

The CHIEF JUSTICE delivered the opinion of the Court :

We are not aware of any principle upon which the bill in this case can be maintained. The effort is made to maintain it under Section 709 of the Revised Statutes relating to the

District of Columbia, giving a sub-contractor the right to garnish or give notice to the owner of a building of his claim against his employer, and that he holds the owner responsible therefor; the section of the statute declaring that "the owner of the building shall be liable for the claim, but not to exceed the amount due from him to the employer at the time of notice, or subsequently, *which may be recovered in an action.*" By this provision no lien is given upon the building upon which the work or materials may have been bestowed; but the remedy given is by action *in personam* against the owner of the building. And by the next succeeding section (710) of the statute, it is provided that such recovery against the owner by a sub-contractor may be set off by the owner in an action brought against him by the person who otherwise would be entitled to recover the same under the contract. But what kind of action, whether at law or in equity? And to what extent can this remedy be applied? If the action contemplated by the statute be one at law, then the present proceeding would be improper. It is manifest, however, from the terms of the statute, that the claimant must be a sub-contractor immediately under the principal or original contractor for the work; and not a sub-contractor in the second or more remote degree. Otherwise, there would be no end or limit of such claims upon the owner.

But is it certain that these provisions of the Revised Statutes are still in force? That would seem to be very questionable. By the first section of the act of Congress of 1884, Ch. 143, approved July 2d, 1884, it is provided that every building erected or repaired by the owner in this District, and the lot of ground of the owner upon which the same is built, "shall be subject to a lien in favor of the contractor, sub-contractor, material-man, journeyman and laborer, respectively, for the payment for work or materials contracted for or furnished for or about the erection of such building," &c., upon complying with the provisions and requirements of the act. It is not pretended that the present proceeding has been taken under the provisions of this act of 1884, Ch. 143; and the

question arises, whether it is a fair and reasonable construction to hold that it was the intention of Congress to keep in existence and operation the two modes of proceeding by the sub-contractor—the one by garnishment and recovery *in personam* against the owner, and the other by proceeding *in rem* against the building and lot of ground? Whether it is not more reasonable and consistent with justice to suppose that Congress intended that the latter mode of proceeding, being that most specific and beneficial, should be taken as a substitute for the former mode of proceeding by way of garnishment? The act of 1884, Ch. 143, expressly declares that all statutes and parts of statutes inconsistent with the provisions of that act, should be thereby repealed. The entire consistency of the two modes of proceeding would be rather difficult to maintain.

But, assuming, without deciding, that the remedy provided by the Revised Statutes is still in force, and co-exists with that furnished by the act of 1884, still, we are of opinion that such former remedy does not apply in this case. This is an attempt by equitable garnishment to bind the money due the contractor Thomas, in the hands of the municipal corporation of this District. This, we think, cannot be done. If it could be done in this instance, it could be done in hundreds of other cases; and the consequences would be, that the municipal government would constantly be liable to the obstruction and embarrassment in the administration of municipal affairs, that such claims and resulting litigation would necessarily produce. In the absence of express legislation making the municipal corporation liable to such proceeding, both reason and public policy forbid it.

It is true, the authorities upon this subject are not harmonious; and while some of the cases hold that funds in the hands of municipal corporations may be attached or arrested by garnishment, others hold that such bodies should be exempt from garnishment *only* for certain classes or species of debts due by them. But the great weight of authority is decidedly against allowing any garnishment or attachment at all

in the hands of municipal corporations. It is not supposed to be within the contemplation of the legislature, unless expressly provided, because of its great inconvenience and embarrassment, and therefore against public policy.

The doctrine and reasons of the exemption are nowhere better stated than by the late Mr. Justice Lawrence, of the Supreme Court of Illinois, in the case of *Merwin* v. *City of Chicago*, 45 Ill., 133. In that case the question of the liability of the municipal corporation of Chicago to garnishment was involved, and in delivering the opinion of the court, the learned justice, in discussing the question, said: " But, in our opinion, the city should not be subjected to this species of litigation, no matter what may be the character of its indebtedness. If we hold it must answer in all these cases, and the exemption from liability be allowed to depend in each case upon the character of the indebtedness, we still leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people and the time of its officials in the management of matters wholly foreign to the object of its creation. A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers or the money in its treasury in defending suits, in order that one private individual may the better collect a demand due from another. A private corporation must assume the same duties and liabilities as private individuals, since it is created for private purposes. But a municipal corporation is a part of the government. Its powers are held as a trust for the common good. It should be permitted to act only with reference to that object, and should not be subjected to duties, liabilities or expenditures merely to promote private interests or private convenience."

The same doctrine has been laid down in the most unqualified terms in many other of the State courts. *McDougal* v. *Supervisors*, 4 Minn., 130; *Erie* v. *Knapp*, 29 Penn. St., 173; *Wallace* v. *Lawyer*, 54 Ind., 501; *Switzer* v. *City of Welling-*

*ton*, 40 Kans., 250; *Dotterer* v. *Bowe*, 84 Ga., 769; *City of Baltimore* v. *Root*, 8 Md., 95. And, as we understand, the same principle has been held and applied by the Supreme Court of this District, in the case of *Manf. Co.* v. *Taylor*, 3 MacA., 4.

It is urged, however, that there is a provision in the contract between the municipal corporation and Thomas, whereby the former reserved to itself the right to retain money in its hands until all material-men were fully paid. And it is contended that the appellants are entitled to the benefit of that provision, and that it is binding as between the appellants and the municipal corporation. But this reservation, according to its terms, was mere matter of discretion; and it certainly created no obligation in favor of material-men, not parties to the contract, that they could enforce as against the municipal government. There is nothing in this case that constitutes the municipal corporation a trustee for those who might deal with and trust the contractors of the city.

We think the learned justice below was right in dismissing the bill, and the order passed by him must therefore be affirmed, with costs.

*Order dismissing bill affirmed, with costs to appellees.*