## CHEWNING v. DISTRICT OF COLUMBIA.
### No. 7669.

United States Court of Appeals for the District of Columbia.

Argued March 21, 1941.

Decided April 14, 1941.

---

[1] Under R.S. Sec. 4915, U.S.C.A. Tit. 35, Sec. 63.

Cornelius H. Doherty, of Washington, D. C., for appellant.

Vernon E. West, of Washington, D. C. (Elwood H. Seal and Chester H. Gray, both of Washington, D. C., on the brief), for appellee.

Before MILLER, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

■ The question is whether, as the District Court held, the District of Columbia is exempt from garnishment proceedings for the collection of a private judgment.[1] This is a question of statutory construction. The garnishment statute does not mention the District, but refers generally to "any garnishee."[2] The prevailing rule exempts municipal corporations from garnishment unless a statute expressly includes them,[3] on the theory that they should not be subjected, at the expense of taxpayers, to litigation in which they have no interest. The District has 12,000 employees, and from time to time owes money to many other persons. It states that if it is subject to garnishment, it must expand its disbursing office and its corporation counsel's office.

■ The Act of Feb. 21, 1871, created "a government by the name of the District of Columbia, by which name it is hereby constituted a body corporate for municipal purposes, and may contract and be contracted with, sue and be sued, plead and be impleaded, have a seal, and exercise all other powers of a municipal corporation not inconsistent with the Constitution and laws of the United States and the provisions of this act."[4] Appellant contends that the authority to "be sued" includes garnishment. The Supreme Court of the District held the contrary in 1873.[5] In 1874 Congress enacted Section 2 of the Revised Statutes of the District, now Section 2 of Title 20 of the Code of 1929. That section substantially copies the quoted provisions of the Act of 1871. In 1877, the Supreme Court of the District again decided that the District was not subject to garnishment.[6] The first section of the present Organic Act of 1878 provides that "The District of Columbia shall remain and continue a municipal corporation, as provided in section two of the Revised Statutes relating to said District."[7] This court decided, in 1893, that the District was not subject to garnishment.[8] By keeping the statute of 1871 in force for seventy years, and reenacting it after the courts had repeatedly decided that it did not subject the District to garnishment, Congress has in effect ratified the decisions.[9]

---

[1] The judgment debtor is a nurse at Gallinger Hospital and is paid by the District of Columbia.

[2] D.C.Code, 1929, Tit. 24, Secs. 123, 287, 31 Stat. 1259, 1360.

[3] 56 A.L.R. 601, 602.

[4] 16 Stat. 419, D.C.Code of 1929, p. 469.

[5] Derr & Thompson v. Lubey, 1 MacArthur (8 D.C.) 187.

[6] Pottier & Stymus Mfg. Co. v. Taylor, 3 MacArthur (10 D.C.) 4; Brown v. Finley, 3 MacArthur (10 D.C.) 77.

[7] 20 Stat. 102, D.C.Code of 1929, p. 477.

[8] Columbia Brick Co. v. District of Columbia, 1 App.D.C. 351.

[9] Cf. United States v. Cooper Corporation, 61 S.Ct. 742, 85 L.Ed. —— (March 31, 1941), holding that the United States

Appellant relies on Federal Housing Administration v. Burr,[10] in which the Supreme Court held that "when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued,' " the agency (the Federal Housing Administration) was subject to garnishment. But the Court distinguished "State decisions barring garnishment against a public body though it may 'sue and be sued,' " on the ground that they reflect "local policies concerning municipalities, counties and the like, and involve considerations not germane to the problem of amenability to suit of the modern federal governmental corporation." The District of Columbia is not a "modern federal governmental corporation * * * launched * * * into the commercial world." On the contrary, the District has a great variety of governmental functions, including not only those which are commonly exercised by cities but others, like the maintenance of a National Guard, the regulation of insurance and the licensing of automobiles, which are commonly exercised by states. The Court found evidence of Congressional intent to authorize garnishment of the Housing Administration in the fact that Congress expressly exempted two out of forty modern federal governmental corporations from garnishment and did not mention the subject in connection with the Housing Administration and the other thirty-seven corporations. The evidence of Congressional intent with regard to the District of Columbia is all the other way.

Affirmed.

---

is not a "person" within the meaning of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

[10] 309 U.S. 242, 245, 246, 247, 60 S. Ct. 488, 490, 84 L.Ed. 724.