**RONE v. RONE et al.**

No. 8494.

United States Court of Appeals
District of Columbia.

Argued Feb. 15, 1944.

Decided March 6, 1944.

Mr. John J. O'Brien, of Washington, D. C., with whom Mr. Frederick De Joseph, of Washington, D. C., was on the brief, for appellant.

Mr. Vernon E. West, Principal Assistant Corporation Counsel, D. C., of Washington, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, D. C., and James W. Lauderdale, Assistant Corporation Counsel, D. C., both of Washington, D. C., were on the brief, for appellee Lusby. Mr. David A. Hart, of Washington, D. C., for appellee Guy Rone.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

This is an appeal from an order dismissing a complaint in which Guy Rone, the former husband of appellant, and Major James R. Lusby, Disbursing Officer of the District of Columbia, are named as defendants. The complaint discloses the following facts: Appellant was divorced from Guy Rone by the Corporation Court of Alexandria, Virginia, in 1939. The decree awarded her $30 a month alimony which appellee Rone has not paid. He is entitled to a pension for disability, payable out of the funds of the United States Treasury designated as the "Policeman's and Fireman's Relief Association, District of Columbia". Appellant states that she has no remedy at law to attach or garnishee these funds and, therefore, seeks relief in equity against Major James R. Lusby, Disbursing Officer of the District of Columbia, through the appointment of a sequestrator to collect the pension from Major Lusby and pay the proceeds in satisfaction of her alimony claim.

The motion to dismiss was properly granted as to the Disbursing Officer of the District of Columbia. In the case of Chewning v. District of Columbia, 1941, 73 App.D.C. 392, 119 F.2d 459, certiorari denied 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 513, this court held that the District of Columbia, like the United States, is not subject to garnishment. There is no essential difference between attachment and garnishment and the relief sought here, i.e. the appointment of a sequestrator to collect funds from the District and pay them to appellant. Columbia Brick Co. v. District of Columbia, 1893, 1 App.D.C. 351; McGrew v. McGrew, 1930, 59 App.D.C. 230, 38 F.2d 541.

The facts stated in the complaint would support a cause of action for a money judgment against appellee Rone, but no prayer for such relief was made. Appellee Rone is a non-resident and cannot be served personally. However, he has filed an unqualified motion to dismiss. Whether this would constitute a general appearance under these circumstances we need not decide, because the point was waived by failure to present it either to the trial court or on appeal.

Affirmed.