## MONTGOMERY v. MONTGOMERY.
### No. 8962.

United States Court of Appeals
District of Columbia.

Argued Dec. 14, 1945.

Decided Jan. 21, 1946.

Mr. Eugene E. Ditto, of Washington, D. C., for appellant.

Mr. Abraham Chaifetz, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

PER CURIAM.

This is an appeal from an order of the District Court denying appellant's motion to set aside a previous order of that court appointing a sequestrator for pension payments' due to appellant from the District of Columbia. The single question is whether the court had jurisdiction and power to issue an order of sequestration of funds under the control of the District of Columbia.

The facts are these:

Appellee, in 1937, was granted a decree of absolute divorce and appellant, her husband, was ordered to pay her $50 a month for her maintenance and the support of a minor child. In 1939 appellant, a District policeman, was retired for disability and was awarded a pension of $100 a month, payable out of the Policeman and Firemen's Relief Fund. Subsequently he moved to Virginia and stopped making payments to his wife. In 1940 appellee obtained an order directing the District disbursing officer to pay the pension checks due appellant to a sequestrator until the further order of the court. No appeal was taken by the husband or by the District from this order until October, 1944, when appellant sought to file this motion to set aside the order, on the ground that the court lacked jurisdiction to order sequestration of funds under control of the District of Columbia.

■ The applicable statute, D.C.Code (1940), §§ 16—410, 16—411, specifically provides that, in the event a husband fails or refuses to pay alimony, the court may sequestrate his property and apply the income to its payment. We can see no good reason why this provision should not just as well apply to property of the husband in the hands of a municipality. The sequestration statute contains no exception of property in the possession of the District or its officers and, in our view, to create an exception on the ground of convenience would be contrary to public policy. Such has been the uniform ruling in the New York courts, as well as in a number of other State courts. For example, in Zwingman v. Zwingman, 150 App.Div. 358, 134 N.Y.S. 1077, money from the municipal pension fund due a retired policeman, who had removed from the State to avoid liability under judgment for alimony, was sequestered, although the statute provided that "moneys, securities and effects of the police pension fund, and all pensions granted and payable from said fund shall be and are exempt from execution * * *." Greater N. Y. Charter § 352. The basis of the holding was that the wife, in the interest of society, was entitled to the support of the husband and that the exemption should never be allowed where its application might result in her becoming a public charge.

To the same effect see Monck v. Monck, 184 App.Div. 656, 172 N.Y.S. 401; Weigold v. Weigold, 236 App.Div. 126, 258 N.Y.S. 348, 349; Hodson v. N. Y. City Employees System, 243 App.Div. 480, 278 N.Y.S. 16; Tully v. Tully, 159 Mass. 91, 34 N.E. 79; Bates v. Bates, 74 Ga. 105; Menzie v. Anderson, 65 Ind. 239; Spengler v. Kaufman, 46 Mo.App. 644; Winter v. Winter, 95 Neb. 335, 145 N.W. 709, 50 L.R.A.,N.S., 697.

The Rone case,[1] relied on by appellant, was decided on the facts of that case, which differ from this in that it was a suit on a foreign judgment involving rights of persons resident out of the District, and as to whom there is no public policy of the District which requires, as in the present case, a waiver of immunity from sequestration.

■ There is, moreover, an additional consideration which would require us to affirm the order of the District Court. For while it is true that we have held funds of an individual in the possession of the District of Columbia or its officers are not subject to attachment or garnishment, in an ordinary proceeding to recover on a debt or other like claim,[2] such an exemption is allowed only for the convenience of the municipality and may be claimed by it alone and not by another. The District of Columbia may waive it in like manner as an individual, and we think the exemption may be considered to have been waived by a failure or refusal to claim the right. In the present case the appeal is prosecuted by the recalcitrant husband alone. The District of Columbia does not appeal and is making no claim to exemption. In such case we are of opinion that the debtor should not be permitted to make the claim of exemption.

■ Application is made to us for the allowance of counsel fees to appellee's attorney. We think an allowance of $200 will be reasonable, and it is so ordered.

Affirmed.

[1] Rone v. Rone, 78 U.S.App.D.C. 369, 141 F.2d 23.

[2] Chewning v. District of Columbia, 73 App.D.C. 392, 119 F.2d 459, certiorari denied 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 513; rehearing denied 314 U.S. 710, 62 S.Ct. 175, 86 L.Ed. 566.