**GRUNLEY CONSTRUCTION COMPANY, INC.,**
Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 96–CV–148.

District of Columbia Court of Appeals.

Argued Sept. 25, 1997.

Decided Oct. 30, 1997.

Samuel M. Morrison, Jr., with whom Herman M. Braude, was on the brief, Washington, DC, for appellant.

Martin B. White, Assistant Corporation Counsel, with whom JoAnne Robinson, Interim Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before SCHWELB and FARRELL, Associate Judges, and RICHTER, Associate Judge of the Superior Court.*

RICHTER, Associate Judge:

The trial court granted a motion filed by the District of Columbia seeking to quash a garnishment of a bank account containing District funds on the ground that the District funds were protected from attachment under well-established principles of sovereign immunity. This appeal presents the questions of whether 1) the asserted immunity from garnishment was precluded by the general waiver of sovereign immunity in the District's Procurement Practices Act, D.C.Code § 1–1188.1 (1981) (hereinafter Procurement Act); and, if not, 2) whether the failure of the District to oppose the initial writ of attachment operated as a waiver of immunity. We affirm.

## I.

### A. FACTUAL BACKGROUND

Appellant, Grunley Construction Company, contracted with the District to perform construction on a public housing project. A dispute arose under the contract and on September 14, 1993, the Contract Appeals Board upheld appellant's claim for an equitable adjustment awarding $121,602 plus interest for certain extra work done. The District did not appeal the award nor did it pay the amount found owing. Appellant then filed suit and on September 23, 1994, the trial court (Judge Zeldon) granted an unopposed motion awarding summary judgment against the District in the amount found by the Appeals Board.

After the court judgment was not satisfied,[1] on March 24, 1995, appellant filed a motion for a writ of garnishment against a District bank account at NationsBank from which appellant had previously received progress payments on the contract. Although the District did not oppose the motion, it was denied by Judge Zeldon on April 21, 1995, on the ground that the District was immune from garnishment. Appellant moved Judge Zeldon for reconsideration and again the District filed no opposition. On August 4, 1995, Judge Zeldon reversed her earlier ruling and granted the attachment. The court found that the District waived the immunity from garnishment by not opposing either of appellant's motions.[2] Pursuant to the court order, NationsBank placed a hold on the District's account and on August 23, 1995, formally notified the District of the garnishment order.

### B. PROCEEDING BELOW

On August 28, 1995, appellant filed a Motion for Judgment against NationsBank as garnishee. The next day, August 29, 1995, the District filed a motion in the trial court to quash the writ of attachment on grounds of sovereign immunity, which was opposed by appellant.

On January 11, 1996, Judge Eilperin[3] denied appellant's motion for judgment against the garnishee and granted the District's mo-

---

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

1. Both sides attribute the failure of the District to satisfy the judgment to a dispute regarding the Public Housing Receivership's obligation to assume the debts of the now defunct District of Columbia Department of Public and Assisted Housing.

2. Although the court also made reference to the Procurement Act in its order, the stated basis for the ruling was the District's failure to file any opposition.

3. Judge Eilperin had inherited the calendar from Judge Zeldon, thus assuming responsibility for the case.

tion to quash the attachment, stating in an order that "attachment or garnishment cannot be had against publicly held governmental property of the District of Columbia." On January 24, 1996, appellant filed a motion for reconsideration, arguing that Judge Zeldon had previously found a waiver by the District's failure to oppose the writ of attachment. That motion was denied by Judge Eilperin on February 23, 1996, in an order which stated:

> The Court has discretion whether to allow the District to raise its immunity to attachment defense out of time. Here, since it is so well settled that the District is immune from having its assets garnished the Court has exercised its discretion to allow the District to raise its defense out of time.

## II.

### A. PROCUREMENT ACT

D.C.Code § 1–1188.1 (1981), part of the Procurement Act, provides:

> Unless otherwise specifically provided by law ... the District government ... may not raise the defense of sovereign immunity in the Courts of the District in an action based upon a written procurement contract executed on behalf of the District Government.

Appellant argues that this provision permits garnishment of District funds to satisfy a judgment obtained in a suit brought under the Procurement Act.

■ While the Procurement Act clearly and explicitly eliminates sovereign immunity as a defense to suit on a contract, it does not speak to whether immunity exists when a claimant seeks to execute on a judgment. It is a well-established principle that the District is exempt from garnishment unless a statute expressly allows it. *Chewning v. District of Columbia,* 73 App. D.C. 392, 119 F.2d 459 (1941). The policy behind the rule is manifest: the day-to-day fiscal integrity of local government could not be maintained if judgment creditors could seize funds that

have been earmarked for other purposes. *See Ex Parte New York,* 256 U.S. 503, 511, 41 S.Ct. 592, 593, 65 L.Ed. 1063 (1921), 30 Am.Jur.2d, *Executions & Enforcements of Judgments* § 202 (1994).

■ In *Chewning, supra,* the Court rejected the precise argument made here by the appellant in finding that the "sue and be sued" clause in the District's enabling legislation did not waive sovereignty for purpose of garnishment. 73 App. D.C. at 393, 119 F.2d at 460.[4] There is nothing in the language of the Procurement Act or in the legislative history which evinces any intent on the part of the legislature to permit attachment of District of Columbia funds.

The appellant would have us rely upon *Federal Hous. Admin. v. Burr,* 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), to distinguish the instant case and permit attachment of District funds. In *FHA,* the Supreme Court held that the Federal Housing Authority was subject to garnishment for moneys due to an employee. 309 U.S. at 246, 60 S.Ct. at 491. The rationale behind its ruling was that a federal agency launched into the commercial world by Congress with the power "to sue or be sued" is "not less amenable to the judicial process than a private enterprise under like circumstances would be." *Id.* Specifically, appellant argues that attachment of a *discrete* account dedicated to payment on a contract properly circumvents both the policy and law precluding garnishment. This argument fails both factually and legally. Factually, there is nothing in the record to indicate that the garnished account was dedicated solely to pay appellant on this contract. Legally, the rationale of *FHA v. Burr* was explicitly rejected in *Chewning* as inapplicable to District of Columbia funds. Moreover, in *FHA v. Burr,* the Supreme Court acknowledged that the rationale for finding a waiver for the FHA did not apply to "municipalities, counties and the like." 309 U.S. at 247, 60 S.Ct. at 491.

---

4. *Chewning* is binding precedent in this court under *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C. 1971).

## B. WAIVER BY FAILING TO OPPOSE THE INITIAL WRIT

■ Appellant's second argument is that the District waived any immunity defense to the garnishment by failing to oppose the writ of attachment filed by appellant before Judge Zeldon. Judge Zeldon accepted this argument on reconsideration after the District not only failed to oppose the initial writ of attachment, but also failed to oppose the motion for reconsideration which was based on the District's initial failure to oppose. Given the lack of opposition at that point, it was not inappropriate for the court to treat the issue as conceded or waived.

■ Judge Eilperin, however, was faced with a different situation. When the District finally opposed the motion for judgment against NationsBank and sought to quash the writ, it was clear that the District did not intend for its previous inaction to be interpreted as a deliberate waiver.[5] Appellant's reliance on *Montgomery v. Montgomery*, 80 U.S.App.D.C. 344, 153 F.2d 634 (1946), is thus unavailing. In *Montgomery*, the court had a clear basis to find a deliberate waiver by the District where there was a garnishment of an individual's government pension account to pay child support. At no point in *Montgomery*, however, including in the Court of Appeals, did the District ever assert immunity. *Id.* at 345, 153 F.2d at 635.

■ Although the record here is silent as to why the District failed to oppose appellant's motions, unlike *Montgomery* there is no reason whatsoever in fact or policy to assume the failure constituted a deliberate waiver of sovereign immunity. In this context, it was proper for Judge Eilperin to conclude factually that the District was not waiving any immunity and to then evaluate the immunity claim on its merits. The discretion of a trial court to treat an unopposed motion as conceded under Super. Ct. Civ. R. 12–I(e), necessarily includes the power to reconsider when the allegedly waiving party unequivocally opposes the position previously deemed conceded or waived. Given the lack

of unfair prejudice to appellant occasioned by the belated assertion of immunity, it was well within Judge Eilperin's discretion to consider the District's asserted position when deciding whether to order the ultimate seizure of the funds.

*Affirmed.*

---

[5.] Ordinarily, a waiver requires an intentional relinquishment of a known right, *e.g., Embassy of Benin v. District of Columbia Bd. of Zoning Adjustment*, 534 A.2d 310, 323 (D.C.1987), a princi-

ple particularly applicable here given the firmly established nature of municipal immunity from attachment.